### ORRA CROSBY v. C. G. MONTGOMERY.

#### Deed. Construction.

The words in the deed in question given by an administrator are as follows: " I do in my said capacity give, grant, convey and confirm unto the said Hodge, his heirs and assigns, all the right, title, interest and estate which of right belonged to Elisha Davis, deceased, (excepting the widow's thirds hereinafter to be described,) to the following tract," &c.; then follows the description by metes and bounds, embracing the whole territory referred to, concluding with these words, "excepting the widow's thirds which is set off, by the judge of probate, on the west line of the above described land, containing eleven acres and forty rods, reference thereto being had," &c. *Held,* that taken in connection with the fact that the estate of Elisha Davis was insolvent, the construction and legal effect of the deed is to convey the reversion in the part set to the widow as her dower, or in other words to convey the whole interest of the estate in the described premises, except the life estate of the widow in the eleven acre piece.

Rule of construction of deeds under circumstances in which this was given.

TRESPASS *quare clausum.* The case was referred and the referee reported substantially that Elisha Davis at the time of his decease in 1812, was the owner of lot No. 8 in the 2d range in Hardwick; that his estate was insolvent as appears by the records of the probate court; and that Peter Page was appointed administrator. The plaintiff claimed title to said premises, a portion of which are the premises in dispute, through a deed from Peter Page as administrator of said Davis to Levi Hodge, the terms of which are sufficiently set forth in the opinion of the court. The plaintiff also held a quitclaim deed from the widow of said Davis, of her right of dower in said premises, and went into possession thereof at the respective dates of the said deeds to him, and since the date of the last mentioned deed, May 21st, 1836, has claimed to be the sole owner of the whole tract on No. 8 formerly owned by Elisha Davis.

On the 15th day of June, 1813, a committee appointed by the probate court to set out the widow's dower, duly set out by metes and bounds eleven acres and forty rods of said lot No. 8, on the west line, to Eunice Davis, widow of Elisha Davis, as her dower out of the estate of Elisha Davis. The alleged trespass was committed on the piece thus set out as dower. The defendant claimed title by conveyance from the heirs of Elisha Davis of their respective shares in the said widow's dower.

The court at the June Term, 1865, BARRETT, J., presiding, rendered judgment on the report, *pro forma*, for the defendant,—to which the plaintiff excepted.

*B. N. Davis*, for the plaintiff.

*Ross & Burbank*, for the defendant.

The opinion of the court was delivered by

PIERPOINT, J. Both parties claim title to the premises in dispute from Elisha Davis, deceased; the plaintiff through a deed from Peter Page, as administrator of said Davis, to Levi Hodge, and the defendant by conveyance from the heirs of said Davis; and the only question raised is, as to the construction to be put upon the deed from the said Page to Hodge.

Did the deed convey to Hodge the reversion in that part of the premises described, that had been set to the widow of the said Davis as her dower? The words in the deed are, " I do in my said capacity give, grant, convey and confirm unto the said Hodge, his heirs and assigns, all the right, title, interest and estate which of right belonged to Elisha Davis, deceased, (excepting the widow's thirds hereinafter to be described,) to the following tract," &c. The terms thus used in the granting clause are apt, and sufficient, to convey the entire interest of the estate in the premises described, including the reversion. The exception is of the " widow's thirds." These words are generally used in common parlance, as synonymous with the words "widow's dower," and mean the life estate which a widow has by law in one-third of the real estate, of which her husband died seized. The same expressions are often used, as referring to, and meaning, the land which has been set out to the widow and in which she has such life estate; but we think the words as used in this deed in the clause referred to, standing by itself, and taken in connection with the words used in the granting clause, must be understood as referring to, and as descriptive of the interest, which the widow has in the land described, and as limiting the exception to that interest; and not as descriptive of the particular piece of land, in which she held such life estate. If the dower had not been actually set out, there could not be a question but that the deed would have conveyed the reversion.

After the clause above recited follows a description of the land, by

metes and bounds, embracing the whole territory referred to, concluding with these words : "Excepting the widow's thirds which is set off by the judge of probate, on the west line of the above described land, containing eleven acres and forty rods, reference thereto being had as to the metes and bounds, as contained in the survey bill," &c.

Taking this exception by itself and there is much more doubt as to the construction that should be put upon it.

In determining the effect and operation of this deed, we are to be governed by the words of the instrument, but in construing the language, we may take into consideration, the situation of the parties, the subject matter, the surrounding circumstances, and the object and purpose sought to be accomplished by it.

It appears from the words of the probate court that are referred to, that the estate was insolvent, and that after all the assets had been converted into money, there was barely sufficient to pay the expenses of settling it, leaving the debts wholly unpaid. Under such circumstances it was the legal duty of the administrator to sell the whole interest of the estate in this land, including the reversion. That being the case it is to be presumed that such was his intention, unless the words of the deed clearly exclude such idea.

There is nothing in this latter excepting clause that is inconsistent with the construction which we put upon the former one. The object of it seems to have been, to define, and locate, that which had before been excepted. There was the same necessity for giving the boundaries, and the amount, of the land in which the widow had her life estate, if that life estate alone was excepted, that there would be if the whole title therein was excepted.

Taking the whole deed together, viewed in the light of the surrounding circumstances, we think its true construction and legal effect is, that the whole interest of the estate in the described premises was conveyed to Hodge, except the life estate of the widow in the eleven acre piece.

Judgment of the county court reversed and judgment on the report for the plaintiff for $200., the value of the trees cut by the defendant, and his costs.