Otis H. Cushing *vs.* Franklin S. Hathaway & another.

A deed of a lot of land to C. described it as follows: "One certain lot of land, situated on the south side of W. Street, and bounded northerly by said street, on which it measures forty feet, extending back southerly, holding its width of forty feet, one hundred and twenty feet, more or less, to a contemplated gangway, being lot No. 120, on a plat," &c., "excepting so much as is contemplated to be taken from the south end of said lot for the aforesaid gangway, not exceeding seventeen feet from south to north." *Held*, that said deed did not embrace in the description of the granted premises the strip of land which was contemplated to be taken for a gangway, and that C. acquired no title to it by said deed, unless it were a right to use it as a gangway, if laid out as such.

Durfee, J. This is an action of trespass *quare clausum fregit.* It was tried to the court on law and fact, jury trial being waived.

The place of the alleged trespass is a strip of land, seventeen feet wide from south to north, on the south end of lot numbered 120, on a plat made by Rufus Waterman, in 1840, and recorded in Book of Plats No. 2, page 4. The plaintiff, in proof of his title to the *locus in quo*, produced a deed to himself from Ezra Millard, dated in June, 1843. The deed conveys to the plaintiff a lot of land which is described as follows, to wit : " One certain lot of land situated on the south side of Waterman Street, in said Providence, and bounded northerly by said street, on which it measures forty feet, extending back southerly, holding its width of forty feet, one hundred and twenty feet, more or less, to a contemplated gangway, being lot No. 120, on a plat of the estate owned by the heirs of Nathan and Rufus Waterman, deceased,' as altered by agreement of owners, platted by Rufus Waterman, 1840, from the survey of S. B. Cushing, A. D. 1835, recorded in Book of Plats No. 2, page 4, excepting so much as is contemplated to be taken from the south end of said lot for the aforesaid gangway, not exceeding seventeen feet from south to north."

The plaintiff also introduced evidence to show that immediately after the conveyance, he entered into possession of lot No. 120, and fenced the lot, carrying his fence across the *locus in quo ;* that he afterwards erected a more permanent fence, and that, acting on a representation that the contemplated gangway would probably be carried through, he then built his fence along what he supposed would be the north line of said gangway, thus leaving the *locus in quo* without his inclosure. The plaintiff claims, however, to have always regarded it as his land, and to have used and occupied it as he had occasion. There was other testimony relating to the occupancy of the land which tended to show that the occupancy by the defendants and their predecessors in title had been as complete as the plaintiff's.

The plaintiff's right to recover depends upon the construction which is given to his deed. He claims that the deed should be construed as a conveyance to him of lot 120, subject to an easement for a gangway, seventeen feet wide, whenever it may be laid out. The plaintiff cites several cases, and relies especially, in support of his view, upon *Dygert* v. *Matthews*, 11 Wend. 35. There was in that case a conveyance of fifty acres of land by metes and bounds, " excepting and reserving out of the said piece of land so

much as is necessary for the use of a grist mill." The court held that until the grantor or his assigns exercised the right reserved and built a mill, the reservation was inoperative, and the whole premises vested in the grantee. The case would be in point as a precedent if in the case at bar the plaintiff's deed conveyed to him lot 120, excepting so much as would be necessary for a gangway seventeen feet wide. The plaintiff's deed does not convey lot 120. It conveys a lot fronting forty feet on Waterman Street, and extending back, holding the same width, one hundred and twenty feet, more or less, to a contemplated gangway. That is what is conveyed. By way of identifying and defining the land conveyed, the description proceeds : " being lot No. 120," &c., " excepting so much as is contemplated to be taken from the south end of said lot for the aforesaid gangway, not exceeding seventeen feet from south to north." Nothing is included in the grant except that portion of lot 120 which lies to the north of a strip of land not exceeding seventeen feet wide, which is contemplated to be taken for a gangway.

The plaintiff also refers to *Crosby* v. *Montgomery*, 38 Vt. 238, and *Leavitt* v. *Towle*, 8 N. H. 96. The first case holds that a grant of land by metes and bounds, excepting a widow's thirds, which is set off on the west line thereof, containing eleven acres and forty rods, passes the entire tract subject only to the dower in the eleven acres and forty rods. The second holds that a conveyance of land by metes and bounds, " including all within the above-mentioned bounds, excepting a road laid out through said premises by a committee from court," passes everything but the easement or the right of the public in the road.

There was in these cases a conveyance of land by metes and bounds, embracing within the description the land which, in the one case, was held to be subject only to dower, and in the other, only to the public easement. The conveyance in the case at bar, as we construe it, does not embrace, in the description of the granted premises, the strip of land which, at the date of the conveyance, was contemplated to be taken for a gangway. The plaintiff therefore acquired no title to that land, unless it may be a right to use it as a gangway if laid out as such.

*We give the defendant judgment for his costs.*

*William Knowles & Metcalf*, for plaintiff.

*Ripley*, for defendants.