NEWEL J. WHITE, Appellee, v. THE CITY OF MARION and the BOARD OF REVIEW of said city, ET AL., Appellants.

**Taxation:** SOLDIER'S EXEMPTION: CLAIM OF. The filing of a petition
1    with a board of review, for a soldier's exemption from taxation, as provided in section 1304, Code Supp. 1902, is sufficient to show that the claim of exemption was made before the board, in the absence of proper objection thereto in the district court.

**Same:** APPEAL: JURISDICTION. It is not essential in all cases that
2    a transcript of the proceedings before a board of review be filed in the district court to confer jurisdiction; the necessary jurisdictional facts may be established by the filing of a petition setting forth the complaint before the board, its decision thereon, and the fact of an appeal.

**Same:** EXEMPTION: PROPERTY VALUATION: BURDEN OF PROOF. It is
3    not incumbent upon a soldier claiming the statutory exemption from taxation to show in the first instance that his wife is not possessed of $5000 worth of property; a *prima facie* case for exemption is made by showing that his own property is not of that value, and the burden is then on the municipality to show that the wife's property exceeds the statutory limit.

**Same:** VALUATION OF PROPERTY. The income derived from the reser-
4    vation of a life estate in lands conveyed by a soldier is not an annuity, and should not be considered in estimating the value of his property for the purpose of determining his right to the statutory exemption from taxation; but the value of the life estate so reserved should be ascertained and considered at its actual worth for that purpose.

**Same.** The valuation of a soldier's property for the purpose of
5    determining his right of exemption from taxation is not to be determined from the assessment roll but from its actual value.

**Same.** The soldier's exemption from taxation cannot be defeated
6    by a showing of joint ownership by husband and wife of property exceeding the statutory limit, it is the individual ownership in excess of the limit which defeats the exemption.

**Same:** LIFE ESTATE. The reservation of a life estate in a conveyance of lands, owned by a soldier, to himself and wife during their natural lives, the wife joining for the purpose only of releasing her dower interest, does not operate to invest the wife with any greater interest in the reservation than she had in the property before the conveyance, but the life estate so reserved is the property of the husband, and should be so treated in estimating the value of his entire property with respect to his right of exemption from taxation.

*Appeal from Linn District Court.*— HON. F. O. ELLISON, Judge.

THURSDAY, JULY 9, 1908.

REHEARING DENIED, TUESDAY, SEPTEMBER 29, 1908.

FROM the action of the board of review of the city of Marion in assessing plaintiff's property and refusing to allow him a soldier's exemption, plaintiff appealed to the district court, and upon a hearing in that court plaintiff was successful in having his soldier's exemption allowed. From the judgment of the district court the defendant city and its board of review appeal.— *Reversed.*

*F. L. Anderson,* for appellants.

*Wm. G. Thompson & Son,* for appellee.

DEEMER, J.— Aside from some technical question, this appeal presents for our consideration the proper construction of section 1304, Code Supp. 1902, which so far as material, reads as follows: " All soldiers or widows thereof shall' receive a reduction of $800 at the time said assessment is made by the assessor unless waiver thereof is voluntarily made of said exémption at said time; but this exemption shall not apply in the case of any soldier or the widow of such soldier owning property of the actual value of $5,000 or where the

wife of said soldier owns property to the actual value of $5,000." Plaintiff is an honorably discharged soldier of the Civil War, and when he was assessed upon his property in the city of Marion, he claimed the exemption or credit provided for in the section quoted. The assessor told plaintiff he would have to go before the board of review in order to receive the allowance. He thereupon filed his petition before the board, claiming his allowance against the valuation of his property, fixed by the assessor at $2,340. His petition was denied, and plaintiff thereupon appealed to the district court, where the exemption was allowed. This appeal followed.

Reversal is sought upon the following grounds: (1) That neither plaintiff, nor any one for him, appeared before the board of review and claimed his exemption; (2) there is no proof that plaintiff's wife was not possessed of property to the value of $5,000; (3) there is no proof that plaintiff was not possessed of property to the value of $5,000; and (4) the district court was without jurisdiction, for the reason that no transcript of the proceedings before the board was filed in the district court, and as that court had no jurisdiction, this court has none. The first and last of these are technical, and do not go to the merits of the controversy.

As to the first, it appears that plaintiff filed his petition before the board for the allowance of the $800, and it is admitted of record that the board made no allowance there-

1. TAXATION: soldier's exemption: claim of. of. This, in the absence of proper objection in the district court, is sufficient to show that plaintiff made his claim before the board, and that it was denied.

As to the fourth, it is true that no transcript of the proceedings before the board was filed in the district court, at least none is shown of record. But plaintiff did file a peti-

2. SAME: appeal: jurisdiction. tion in the district court, which recited all the facts, to which the defendants demurred, not claiming, however, any want of jurisdiction. The defend-

ants did not answer, but went to trial upon the petition, without any other objection being interposed, save by the demurrer to which we have referred. When the case came on for trial, it was stipulated, among other things, as follows: " It is admitted that the city council allowed no exemption on account of his being a soldier, and that the assessor made no returns of such exemption, and that plaintiff made claim for such exemption at the time he gave in his property to the assessor." Now, whilst we have held in *Frost v. Board,* 114 Iowa, 103, that something more than the mere service of notice of appeal is necessary to give the district court jurisdiction, we did not hold that in every case a transcript of the proceedings before the board is required to be filed, in order to give the district court jurisdiction. In fact, it is expressly intimated that the necessary jurisdictional facts may be presented by petition, as in *Richards v. Town,* 72 Iowa, 78. All required is that the complaint before the board, its decision thereon, and the appeal be shown, in order that the court before whom the case is to be tried may know what is in issue, and that there is some decision to be reviewed. This is all that is held in *Frost's* case, and we think the record before us was sufficient to give the trial court jurisdiction.

Coming to the merits, it is contended that there is no showing as to the amount of property owned by the wife, and that the burden was upon plaintiff to show that she was not

3. SAME: exemption: property valuation: burden of proof.

possessed of property to the value of $5,000. It is true that plaintiff made no proof as to the value of any property owned by the wife; but, as he was claiming an allowance upon his own assessment, and asserting that he did not own property exceeding $5,000 in value, we think this made out a *prima facie* case, and that if defendants desired to defeat the allowance which was presumptively his, the burden was upon them to do so. Neither the assessor nor the board thought plaintiff's property was worth $5,000, for it was assessed at a valuation

of $2,340, and the board of review did not see fit to raise this amount. It is not incumbent, in the first instance, for a soldier, who claims the allowance or exemption, to show that his wife had no property, or had property of less than $5,000 in value. The burden of showing that fact was upon the defendants as a reason for not allowing the exemption. There is no presumption that the wife had any property, and it is not essential to the allowance that the soldier claiming it, as against his own assessment, should show that his wife had no property. Plaintiff's right to the allowance does not by the statute depend upon a negative allegation or showing as to the amount of property possessed by his wife; and, but for the fact that he was claiming error in the district court, in the action of the board of review, necessitating some showing by him of the error, it is doubtful if he would be required to make any showing, in the first instance, regarding the amount of his own or his wife's property, in order to secure the allowance. As the burden was upon the defendants in the district court to show that the wife had such an amount of property as to defeat the allowance, the second point made by appellants is without merit.

The final proposition is that plaintiff did not show that he was possessed of property worth less than $5,000. It is also claimed, in this connection, that it affirmatively appears

4. SAME: valuation of property.

that his property was worth more than $5,000. It appears that plaintiff's property was given in to the assessor, which also included a vacant lot owned by his wife, as worth $2,340; but it is claimed that he owned an annuity, or had a life estate, in one hundred and eighty-three acres of land, which, if properly valued, would make his total holdings exceed $5,000 in value. This so-called life estate or annuity was reserved by the following language, copied from a deed to the land: "That the said Newell J. White and Sarah Frances White, each shall have, and they do each hereby reserve a life estate in the whole of said premises, meaning by this, that they and each one of

them shall have the full use, occupation, possession and control of said premises, during their natural lives. And I, said Sarah Frances White, wife of said Newell J. White, for the foregoing consideration and the conditions named in this deed do hereby relinquish all my right of dower and homestead in the above described premises." It also appeared that plaintiff and his wife were getting from $400 to $500 per year from the land. It is claimed that this life estate or annuity, capitalized, was worth such a sum as, added to his other holdings, made plaintiff's property worth more than $5,000. The life estate was to both plaintiff and his wife, and for the lives of either or both. It is created by reservation, in a deed to land of which plaintiff was the owner, and doubtless is a life estate in plaintiff during his life, or the life of his wife. As such, it is undoubtedly valuable property, within the meaning of the statute under consideration. There is no proof as to its value, save the income derived by plaintiff therefrom, of from $400 to $500 per year. We do not regard this an as annuity, and agree with the contention of appellee's counsel in this respect. An annuity is a yearly sum of money, granted by one person to another in fee, for life or years, charging the person of the grantor only. We are all agreed that plaintiff had no annuity, and that, if he had, it could not be capitalized so as to defeat his allowance.

But he did have a life estate in the lands, reserved by the deed to which reference has been made; and this life estate is as much property as if it were a fee. Plaintiff has given us no other proof of its value, save as he showed the income therefrom. Taking that as a basis, it must be assumed that it was worth such sum as, added to his other property, made his total holdings worth more than $5,000. A property which produces an annual income of $400 or $500 is manifestly worth more than $2,660, even though it is not to endure or exist for more than twelve years; being plaintiff's expectancy of life. Capitalized by the table given in our Code for the valuation of life estates, it was worth

more than $2,700. This being true, plaintiff was not entitled to the exemption or allowance, unless it be held, in accordance with appellee's contention, that the value of the property owned by a soldier is to be determined from the assessment roll.

If this were a permissible construction of the statute, we should be inclined to adopt it, because of the nature of the exemption or allowance, and of the spirit which actuated the granting thereof. But the language of the act will permit of no such interpretation. It says that the exemption shall not apply to the case of any soldier owning property of the actual value of $5,000. It is the fact of the ownership of such property which defeats exemption, and it is the actual value of the property so owned, and not its value as shown by the assessment rolls, which is to be considered. It need not be property which is subject to taxation. Even property exempt from taxation may and should be considered in fixing the amount of the property owned by the soldier. A life estate in land is not subject to taxation as such. The land itself is taxed, and the only question which may arise with reference to the taxation thereof, is who should pay the taxes, the life tenant, or the owner of the fee? We have no doubt that life estates are property, and that they should be considered at what they are worth in determining the question of exemption under the statute quoted.

5. SAME.

Further, it is contended that the life estate is owned by both husband and wife, and that plaintiff is entitled to his exemption, unless it be shown that he and he alone owned property of the actual value of $5,000, or that his wife, in her own right, owned property to that amount. There can be no doubt of the correctness of appellee's contention with respect to the legal proposition involved in this claim. The exemption is not defeated by a joint ownership of husband and wife of property, the actual value of which is $5,000, or more. It is

6. SAME.

individual ownership of property to the amount stated, which defeats the exemption.

The life estate to which we have referred was created by reservation in the deed. Plaintiff was the owner of the land conveyed thereby; his wife joining therein in order to convey her inchoate right of dower. The reservation quoted is of a life estate to plaintiff and his wife during their natural lives. No oral testimony was adduced explanatory of this reservation. Now a reservation is something issuing from or coming out of the thing granted, and must be to the grantor or party executing the conveyance, and not to a stranger. *Karmuller v. Krotz,* 18 Iowa, 352; *Gould v. Howe,* 131 Ill. 490, (23 N. E. 602) *Youngerman v. Polk* Co., 110 Iowa, 731. Such a reservation as is here found does not amount to a conveyance of a life estate to the wife, nor to a transfer of a life estate to husband and wife jointly. It reserved to the grantor, out of the thing granted, a life estate during his life and the life of his wife. All that the wife reserved was a life estate in what she theretofore had, which was an inchoate right of dower and, perhaps, a homestead. As she had no other title, and as the reservation conveyed nothing to her, she, by the reservation, got nothing more than a life estate in what she had. The life estate in the real property was manifestly reserved to the husband, and should be valued accordingly. There is no departure from these rules in any of the cases. The reservation may, and doubtless should, be treated as an exception of a life estate from the grant, and perhaps of the widow's inchoate right of dower during her natural life, but it did not operate to convey the title to husband and wife jointly. *Corning v. Troy,* 40 N. Y. 191; *Canedy v. Marcy,* 13 Gray (Mass.) 373; *Crosby v. Montgomery,* 38 Vt. 238; *Swick v. Sears,* 1 Hill (N. Y.) 17.

Under these rules it is apparent that plaintiff was possessed of property of the actual value of $5,000, and that he was not entitled to the exemption.

*7. SAME: life estate.*

The trial court was in error in reversing the action of the board of review,' and its judgment must be, and it is, *reversed.*