ANNA PLISTIL, as Administratrix of the Estate of ANTON KASPAR, Deceased, and ANNA PLISTIL in her own right, Appellant, v. BARBARA KASPAR, Appellee.

**QUIETING TITLE:** Fraud—Mistake—Sufficiency of Pleading. A
1 pleading alleging that a deed conveyed to plaintiff a lesser estate than plaintiff *"was informed and believed"* was conveyed, wholly fails to make such showing of fraud and mistake as to justify a prayer for quieting of title.

**HUSBAND AND WIFE:** Homestead—Waiver—Antenuptial Con-
2 tract. The homestead right is a favorite of the law. Its surrender or waiver will not be presumed from words of general and indefinite meaning.

PRINCIPLE APPLIED: An antenuptial contract provided that the parties thereto agreed "to keep his or her own property the same as it was before marriage"; that "neither of them shall inherit anything from the other"; that "the property of each shall descend to his or her own children"; that "the survivor of them is not to have any right, claim or interest in the property of the deceased one"; that the marriage "shall not in any manner affect the property rights of their own individual property." *Held*, not to waive the homestead right of the wife in the husband's homestead land.

**HUSBAND AND WIFE:** Homestead—Express Reservation. Espe-
3 cially will there be no waiver of the homestead right under the general terms of an antenuptial agreement when the parties to such agreement have, subsequently, manifested their understanding of the agreement by an express reservation of homestead right in each, in the very deed to the one seeking to defeat the right under the terms of the antenuptial agreement.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, JANUARY 12, 1915.

THE opinion sufficiently states the case.—*Affirmed.*

*George F. Buresh* and *Randall, Courtney & Harding,* for appellant.

*Joseph Mekota,* for appellee.

WEAVER, J.—This appeal is taken from a ruling by the trial court sustaining a demurrer to plaintiff's petition. The defendant is the widow of Anton Kaspar, deceased, and plaintiff is the daughter of Kaspar by a former marriage. From a time anterior to his marriage with defendant he had been the owner of a homestead in Cedar Rapids the title to which he thereafter conveyed to plaintiff by a deed which is hereinafter set out. Kaspar and his wife continued to occupy and use the premises as their family home until his death since which the widow has continued in possession claiming a right of occupancy therein for life. Plaintiff brings this action in equity stating the foregoing facts, alleging her title under the deed above mentioned, and denying that the widow ever acquired or now has any right or interest in said property or in the occupancy thereof. In support of her claim of title and denial of any right in the defendant, she alleges that at the time of the death of Kaspar and at all times during the existence of the marriage relation between him and the defendant there was an existing and valid antenuptial contract between them by the terms of which the defendant expressly waived all rights of every kind in the property of her husband including the right of homestead. The contract so pleaded is in the following words:

"This agreement made on the 25th day of March, 1898, by and between Anton Kaspar, party of the first part and Barbara Kaspar, formerly Toman, party of second part, as husband and wife, stipulated as follows, to wit: That they agreed to keep his or her own property the same as it was at

the time of their marriage; that neither of them shall inherit anything from the other or from the property of the other, and that the property of each of them shall descend to his or her own children and heirs-at-law, and the survivor of them is not to have any right, claim or interest in the property of the deceased one. The intent of this agreement being and is that the marriage between them shall not in any manner affect the property rights of their own individual property which they had.

"This contract is in fulfillment of a certain antenuptial contract made on the 9th day of February, 1898, by and between the same parties one day prior to their marriage."

The petition further alleges the conveyance of the property to plaintiff by the deed to which reference has already been made and states the same to have been in words as follows:

"In consideration of Three Hundred Dollars, I, Anton Kaspar, being the same person as the one Anton Kaspar named in a certain antenuptial contract recorded in Records of Linn Co.—in Vol. 222—page 493 of Linn County, State of Iowa, hereby sell and convey unto Anna Plistil (my daughter) of the County of Linn and State of Iowa, the following described premises in the County of Linn, State of Iowa, to wit: Lot Nine (9) in Block Twenty-one (21) of O. N. Hull's Re-survey of Blocks Fifteen (15) and Sixteen (16) of L. S. May's Addition to West Cedar Rapids according to the recorded plat.

"The grantor and his wife hereby reserve the right to live in, occupy and use said premises, also to take all the profits therefrom during the natural life of each of them. The intent being and is that grantor and his wife are to have a life estate reserved in said premises, and to have free access and control of said premises during the life of each of them.

"And I do hereby covenant for myself my heirs and

personal representatives with the said Anna Plistil her heirs and assigns, that I am lawfully seized of the said premises, that the same are free from incumbrance, except as above stated as to the life estate of the grantor and his wife Barbara —that I will make such other and further assurance of said premises as shall be lawfully and reasonably advised, devised or required, and that I will forever WARRANT AND DEFEND the same against the lawful claims and demands of all persons.

"And I, Barbara Kaspar wife of the said Anton Kaspar for the foregoing consideration, do hereby relinquish all my rights, including the rights of dower and homestead in the above described premises, except as to the life estate as above stated.

"Signed this 10 day of Nov. A. D., 1900."

(Signed and duly acknowledged by both Anton Kaspar and his wife Barbara.)

It is further alleged that plaintiff "was informed and believed" that said deed conveyed to her the title to said property subject only to a life estate in her father but she now finds that he retained in himself an estate for the life of his wife which has never been conveyed away and that such apparent estate creates a cloud upon her title which she asks to have removed. Some other matters are pleaded but do not affect materially the issue of law raised by the demurrer.

Upon the allegations of her petition plaintiff asks a decree establishing and confirming her title in fee simple and that defendant be found and decreed to have no title to or right of occupancy in the property, and for general relief.

The demurrer to the petition is general in form to the effect that the allegations of the petition do not entitle plaintiff to the relief demanded, also that the petition states facts which show affirmatively that defendant is entitled to the use and occupancy of the property for life. The demurrer having been sustained the plaintiff appeals.

I. It is argued that the facts stated in the petition are sufficient to sustain a finding of "fraud and mistake and such an advantage taken of the plaintiff to her damage as makes a proper case for the attention of the Chancellor."

1. QUIETING TITLE: fraud: mistake: sufficiency of pleading.

It appears that the pleading is wholly lacking in this respect. There is not a statement or suggestion that Kaspar or defendant or either of them made any statement or representation of any kind to induce plaintiff to accept the conveyance in the form in which it was executed, or that they misrepresented or misstated its legal effect, or that the deed does not in every respect conform to the oral agreement, if any there was, in consummation of which that instrument was made and delivered. Plaintiff does allege that she "was informed and believed" that the deed vested her with title subject only to a life estate in her father, but she does not allege that she was so informed by him or by the defendant or by any other person authorized to speak for them or either of them. So far as appears she may have been so informed by her own counsel or by the merest stranger to the transaction. Indeed while she says she was "informed and believed," she does not state when such information came to her and her allegation may be literally true although she received it long after the deed was made and delivered. Fraud is not to be presumed in such case and in the absence of proper allegation evidence of fraud will not be admitted.

II. What effect upon this controversy is to be given to the antenuptial contract?

It does not in terms make any mention of homestead or homestead rights, nor do we think it should be held that the relinquishment of such right was intended or was in the contemplation of the parties in making the contract. The homestead right is a favorite of the law and its surrender or waiver will not be presumed nor will such intent be inferred from the use of words of a general and indefinite significa-

2. HUSBAND AND WIFE: homestead: waiver: antenuptial contract.

tion. This question was before the court in *Mahaffy v. Mahaffy*, 63 Iowa 55, in which case it was held that the wife's antenuptial contract, providing that in consideration of payment to her of a stated sum she expressly renounced all claim, right, title and interest in the estate of her husband by reason of her relation as his wife or widow, did not operate to defeat her right of homestead. The contract we have here to consider is no more specific that in the cited case and we think the decision there announced clearly governs its construction. The general subject is discussed in the case of *Adams' Estate*, 161 Iowa 88, but in that case the homestead right was expressly reserved in the antenuptial agreement. See also *Miller's* case, 143 Iowa 120, and *Johnson's* case, 154 Iowa 118; *Uker's* case, 154 Iowa 428, 434. We do not consider or decide what might have been the effect upon the homestead right of the defendant had the contract expressly provided for its waiver. It is sufficient for the purpose of this case to say we hold that the antenuptial agreement shown in the record does not provide for such waiver and unless the defendant's right of occupancy has been cut off or lost by reason of the deed to plaintiff the title so conveyed is subject thereto.

III. The deed itself is not without significance as to the manner in which the parties to the antenuptial agreement understood its terms and obligations. The deed, which is

3. HUSBAND AND
WIFE: home-
stead: express
reservation.

executed by both, makes express reference to said contract and attaches to the granting clause of their conveyance a so-called reservation of a life estate to both of them; this life estate is then expressly excepted from the covenants of warranty to the plaintiff and in the final relinquishment clause the defendant expressly excepts therefrom her life estate. It seems therefrom that the husband and wife considered and treated their contract as leaving defendant's right of homestead unimpaired and that the various words and phrases of exception and reservation were thus carefully embodied in the conveyance

for the express purpose of preventing any construction of the deed which would defeat that right. So interpreting the language of the conveyance it is not material to discuss the validity of a reservation by a grantor in favor of a third person or stranger to the deed. For if it be held that defendant had no interest in the property which she could convey and therefore could get nothing by her own reservation, or that she is a third person within the meaning of the rule relied upon and therefore took nothing by her husband's reservation, it still remains true under the law as we have applied it in the last preceding paragraph that her homestead right still remains. If the antenuptial contract did not waive such right then her husband's deed would be insufficient to eliminate it and while under the statute they were together competent to cut it off by uniting in the same joint written instrument for that purpose, that purpose is certainly not affected by a joint conveyance in which they jointly and severally declare in express words that the homestead right is withheld and excepted therefrom. The case of *White v. City of Marion*, 139 Iowa 479, relied upon by plaintiff holds nothing inconsistent with this pronouncement.

As to the effect in general of a reservation in a deed of conveyance it is unnecessary for us to go into any review of the authorities. It is sufficient to suggest that while the distinction between a reservation and an exception is sometimes important it often happens that what is called a reservation is treated and given effect by the courts as an exception. It is the intention of the parties which is to be ascertained and in our opinion the intention here is very manifest to except the defendant's right of occupancy or life estate in the homestead from the effect of the conveyance to plaintiff.

It follows from what we have said the trial court did not err in sustaining the demurrer to the petition and the ruling is—*Affirmed.*

DEEMER, C. J., EVANS, LADD and PRESTON, JJ., concur.