**Barry J. OBERSTEIN and Norman S. Oberstein, Plaintiffs-Appellees,**

v.

**ADAIR COUNTY BOARD OF REVIEW, Wayne Sheriff, Chairman; Walter Kniep and Fred Mertes, Members, Defendants-Appellants.**

No. 65326.

Court of Appeals of Iowa.

Feb. 24, 1982.

(court reduced interest rate on installment pay-

Willard W. Olesen and Jay Howe, Greenfield, for defendants-appellants.

Alan N. Koufer, Des Moines, C. W. Carlberg, Greenfield, for plaintiffs-appellees.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

CARTER, Judge.

Defendants, Board of Review and its members, appeal from district court's review and reduction of their tax assessment against plaintiffs' property. They assert 1)

ments to seven percent).

that district court erred in determining the property's fair market value pursuant to section 441.21, The Code 1979, by making an adjustment for the negative effect of a long term lease on the property which allegedly was returning less than the current economic rental value; and 2) that plaintiffs did not establish they were entitled to relief from the assessment. We reverse district court's order and confirm the decision of the board of review.

Plaintiffs are owners of the underlying fee interest in real property situated in Greenfield, Adair County, Iowa, which consists of land and a building subject to an outstanding lease. The building was specifically designed and constructed in accordance with the United States Postal Service's specifications for the purpose of leasing it to the Postal Service. The lease between plaintiffs and the Postal Service was executed on June 8, 1962, and provided an initial term of ten years with an annual rental of $5,944, together with an option granting tenants the right to renew the lease for a maximum of four five-year periods at a similar rent.

In the latter part of 1977, the Adair County assessor appraised and assessed the property for the purpose of determining its valuation effective January 1, 1978. Using a cost or cost-less depreciation method as set forth in the Iowa Real Estate manual, he determined the value of the land was $15,210 and the value of the building was $36,887 for a total value of $52,097. He gave no consideration to the lease encumbering the property.

On July 17, 1978, plaintiffs filed a petition with defendant Board of Review protesting the assessment. The board, with the concurrence of the assessor, consequently lowered the assessment to $46,422 based upon additional depreciation. Plaintiffs thereupon appealed to the district court. The plaintiffs' evidence indicated that the existing lease on the property, executed in 1962, was returning a fixed and ultimately declining rental over the remainder thereof, and, therefore, was a poor investment. It was the opinion of the plaintiffs that the income generated from the lease would be of paramount importance to anyone inter-

ested in acquiring the property and a detriment to any sale thereof. Plaintiffs urge that, as a result of the uneconomical lease, the value to be reached upon sale of the property would be less than that otherwise available. Valuation witnesses for the plaintiffs, relying on similar factors flowing from the existing lease, fixed the value of the property at $29,000 to $30,000. Robert P. Hayes, a professional real estate appraiser, testified for the defendants that he determined the value of the property as of the time of assessment on the basis of the assumption that it was free and clear of all liens and leases to be $51,000. The district court found that the assessment should be based on fair market value and, because the property could not be sold without the lease, the value should be based on what a willing buyer would pay if buying the property with the lease still outstanding. Based upon this assumption, the trial court fixed the market value of the property for purposes of assessment at $32,000. The court reconciled the testimony of Robert Hayes by finding that the difference between his valuation and plaintiffs' valuations was attributable to the fact that Hayes had not considered the effect of the unfavorable lease on what the property would bring. On June 27, 1980, district court entered a decree and judgment finding that the fair market value of the property was $32,000 and reduced the assessment. Defendants appeal from this decree and judgment.

I. Scope of Review. Our review of this matter is de novo. § 441.39, The Code 1981; Iowa R.App.P. 4. While we are not bound by the district court's findings, we give weight to such findings. Iowa R.App.P. 14(f)(7).

II. Discussion. Defendants argue that it was improper for the district court to determine the fair market value of the property by making an adjustment for the negative effect of the property lease in existence on the date of valuation. They also argue that there was insufficient evidence to support district court's judgment. For reasons hereinafter stated, we agree with this conclusion.

Section 441.21, The Code, sets forth the standards by which real property shall be assessed. That section states in pertinent part:

... the actual value of all properties subject to assessment and taxation shall be the fair and reasonable market value of such property. "Market value" is defined as the fair and reasonable exchange in the year in which the property is listed and valued between a willing buyer and a willing seller, neither being under any compulsions to buy or sell and each being familiar with all the facts relating to the particular property. Sales prices of the property or comparable property in normal transactions reflecting market value, and the probable availability or unavailability of persons interested in purchasing a property, shall be taken into consideration in arriving at its market value. In arriving at market value, sale prices or property in abnormal transactions not reflecting market value cannot be taken into account, or shall be adjusted to eliminate the effect of factors which distort market value, including but not limited to sale to immediate family of the seller, foreclosure or other forced sales, contract sales, discounted purchase transactions or purchase of adjoining land or other land to be operated as a unit....

When it is impossible to determine the fair and reasonable market value in this manner, section 441.21, The Code, provides an alternative standard to be applied in the assessment.

... In the event the market value of the property being assessed cannot be readily established in the foregoing manner, then the assessor need determine the value of the property using the other uniform and recognized appraisal method, including its productive and earning capacity, if any, industrial conditions, its costs, physical and functional depreciation and obsolescence and replacement costs, and all other factors which would assist in determining the fair and reasonable market value of the property but the actual value shall not be determined by use of only one such factor ...

The theory of the district court and of the plaintiffs on this appeal is based on the proposition that an existing lease affects the amount which a willing buyer will pay for the property, and therefore is a factor in determination of market value. Defendants, on the other hand, urge that the value fixed by the district court and testified to by plaintiffs' witnesses, was not the fair market value of the property subject to tax but rather the fair market value of plaintiffs' interest in that property which, as the result of the outstanding lease, is less than the entire interest subject to tax. We agree with defendants' argument in this regard.

Taxes on real estate in Iowa constitute an entirely in rem claim. Such taxes are not the personal obligation of any person. *Laubersheimer v. Huiskamp*, 260 Iowa 1340, 1344, 152 N.W.2d 625, 627 (1967); *In re McMahon's Estate*, 237 Iowa 236, 238, 21 N.W.2d 581, 582 (1946); *Lucas v. Purdy*, 142 Iowa 359, 367, 120 N.W. 1063, 1066 (1909); *Plymouth County v. Moore*, 114 Iowa 700, 701, 87 N.W. 662, 663 (1901). *See also Helvering v. Johnson County Realty Co.*, 128 F.2d 716, 717 (8th Cir. 1942). As a result, the taxing authority's lien and right to sell the property for nonpayment of taxes encompasses all interests in the property, even though the party named in the assessment owns less than the entire interest therein. *Linn County v. Steele*, 223 Iowa 864, 867–68, 273 N.W. 920, 921–22 (1937); *Lucas v. Purdy*, 142 Iowa at 365, 120 N.W. at 1064–65. The assessment of the property in a particular name is only a matter of administrative convenience. The tax does not, as a result of such listing, fall upon the particular interests of the person in whose name it is assessed. All outstanding interests are taxed as a whole and measured by the value of the fee. *Lucas v. Purdy*, 142 Iowa at 365, 120 N.W. at 1064–65.

An example of this principle is found in the case of *White v. City of Marion*, 139 Iowa 479, 485, 117 N.W. 254, 258 (1903), where the court held that a life estate in land is not subject to tax as such. But the land is taxed to its full value and the payment of the tax is a matter between the life

tenant and remainderman. In *Crews v. Collins*, 252 Iowa 863, 869, 109 N.W.2d 235, 238 (1961), the court suggests that the same principle applies as to the taxation of a fee subject to a leasehold. Quoting from 51 Am.Jur. *Taxation*, section 435 at 451, the court states: "[I]t is generally held that a leasehold interest for a term of years is a chattel real, and that for the purpose of taxation the whole of the land is assessed against the owner of the fee, which covers the value of the leasehold interest as well as the reversionary interest. . . ." Further quoting from 84 C.J.S. Taxation section 95 at 212, the court states: "[A]s a general rule, property under lease for a term of years is taxable to the owner not to the tenant."

The application of these principles in taxation of real property subject to leaseholds is well established in decisions from other jurisdictions. One of the leading cases is *Donovan v. City of Haverhill*, 247 Mass. 69, 71–72, 141 N.E. 564, 565–66, 30 A.L.R. 358, 360 (1923), wherein the court states:

It is the contention of the petitioners that the outstanding leases are encumbrances on this property which substantially diminish its fair cash value; . . . The tax, whether assessed to the owner of the fee or to the person in possession, is a tax upon the whole land, and not merely on the interest of the person taxed. . . .

\* \* \* \* \* \*

Manifestly the entire estate to be taxed may be made up of various tenancies, vested and contingent, as well as leasehold interests, the value of which in many cases it would be impracticable to determine. It is plain a deduction of the surrender value of a long-term lease from the market value of the estate, ascertained by a sale of the land free of the lease, in many instances would seriously impair the taxable valuation of the estate considered as a whole; and that the entire estate would escape taxation to the extent of the tax upon the value of the leasehold interest to the estate for the

purpose of extinguishment. We do not think a determination of the fair cash valuation of real estate requires the assessors to make such a deduction.

Similarly, in *People v. Tax Commission of the City of New York*, 17 A.D.2d 225, 229, 233 N.Y.S.2d 501, 505 (1962), the court states:

[M]ortgagor and mortgagee interests, vendor and vendee interests, *landlord and tenant* interests, life tenant and remainder interests, and co-tenant interests are not separately assessed. It is well settled at common law, unchanged by statutes pertinent here, that the mortgagor, the vendee in possession, the lessor, the life tenant or the co-tenants jointly, were bound to pay the entire tax on the property as if there were no mortgage, contract of sale, lease, remainder or co-tenant interest. . . .

*Consequently, it is clear that notwithstanding real property is subject to a long-term lease, there should be but a single assessment of the property without a separation of the interests of the lessor and lessee, and by statutory directive noted aforesaid, such assessment shall be at its full value.* (emphasis added).

Other holdings supporting this principle include *Homer v. Dadeland Shopping Center, Inc.*, 229 So.2d 834 (Fla.1969), and *Swan Lake Moulding Co. v. Department of Revenue*, 257 Or. 622, 478 P.2d 393 (1970). Text writers are in agreement[1] as are law review writers.[2]

In addition to the theoretical underpinnings of the foregoing authorities, the courts have also observed the practical reasons for valuing the interest of the lessor and the lessee as a whole. Separate evaluations are difficult and often would turn on matters unknown to the assessor. More importantly, any reduction of value of the taxable interest as a result of a lease arrangement has been recognized to be a situation whereby "if the owner doesn't command the full potential of his property, he

---

1. 1 Bonbright, *Valuation of Property* at 497 (1937).

2. Comment, 24 Columbia L.Rev. 324–25 (1924). *See also* Bonbright, *Valuation of Property*, 34 Columbia L.Rev. 1436 (1934).

can't expect his fellow taxpayers to compensate him for the difference." *Clayton v. County of Los Angeles*, 26 Cal.App.3d 390, 392, 102 Cal.Rptr. 686, 688–89 (1972); *Petition of Ernst*, 58 Misc.2d 504, 506, 295 N.Y. S.2d 712, 715 (1968). If the measure of valuation which we herein approve causes inequities to lessors, their remedy must lie in appropriate provisions in their leases requiring lessee contribution to the total tax bill.

We do not find the foregoing principles to be inconsistent with the conclusion of the Iowa Supreme Court in *Foreman & Clark of Iowa v. Board of Review*, 286 N.W.2d 169 (Iowa 1979). There, in determining the effect on market value of a contract sale deemed to be an "abnormal transaction," the court held that an existing lease should have been considered in determining whether the price of that sale should have been adjusted in order to determine the market value of the property for purposes of the assessment. This finding was made in response to the argument of the board of review in that case that the contract sale was *abnormally low* because of the existing lease and that the true value of the property was therefore greater than the amount of that sale.[3] This is essentially the same position asserted by defendants in the present case. The *Foreman & Clark* case does not stand for the proposition that, in determining the market value, the value to be ascertained is only the lessor's interest in the property as was done by the district court in the present case.

 In summary, we believe the great weight of authority to be that while rental income which might be received from a particular lease is some evidence of the value of the demised premises, such evidence may only be considered in determining what that value would be, independent of the existing lease. In direct contradiction of this principle, the district court in the present case, as well as plaintiffs' primary valuation witnesses, each valued the property based upon what it would bring if sold subject to the unfavorable lease. We

conclude that this represents an incorrect measure of value for purposes of taxation.

III. Disposition. The effect of the foregoing conclusions on the plaintiffs' evidence and the district court's findings is to establish that the plaintiffs offered no competent evidence of value of the entire property. Since that was the value upon which the assessment was to be made, the plaintiffs have presented no basis for defeating the assessor's valuation, as adjusted by the board of review. Defendants' evidence, keyed to a proper measure of value, suggests a greater value than that fixed by the board of review. But the board cannot challenge its own determination. We therefore reverse the order of the district court and remand for an order confirming the final assessment fixed by the board of review.

REVERSED.

---

3. This was the argument of the board of review in the *Foreman & Clark* case as found at Brief of Appellant, 10–11, filed April 19, 1979, Supreme Court of Iowa, case no. 2–62791.