I.C.M. REALTY and Westown Associates, An Iowa Limited Partnership, Plaintiffs–Appellants,

v.

Ralph L. WOODWARD, Chairman and Member of the Board of Review of Polk County; Everett Sather, Harry Burgess, Charles Colby, Jr., and Walter (Bud) Potts, Jr., Members of the Board of Review, Polk County, Iowa; and the Board of Review of Polk County, Iowa, Defendants–Appellees.

No. 87–760.

Court of Appeals of Iowa.

Sept. 28, 1988.

William J. Lillis and Douglas A. Fulton of Connolly, O'Malley, Lillis, Hansen & Olson, Des Moines, for plaintiffs-appellants.

Charles D. Hunter of Belin, Harris & Helmick, Des Moines, and Michael J. O'Keefe, Asst. Polk County Atty., for defendants-appellees.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SCHLEGEL, Judge.

Plaintiffs appeal the district court order upholding the Polk County Assessor's valuation of the property in question and dismissing their petitions. Plaintiffs claim: 1) the fair market value of the assessed property must be calculated subject to existing leases; 2) the burden of proof shifted to the Board of Review and the Board failed to sustain its burden; and 3) the district court erred in calculating the fair market value of the assessed property without considering the existing leases.

An appeal of the board's decision to the district court is heard in equity and issues before the board are triable anew. Iowa Code § 441.39 (1987). Review of the district court's decision by this court is de novo. Iowa R.App.P. 4. While we are not bound by the findings of the district court in these matters, we give weight to them, especially where the credibility of witnesses is involved. Iowa R.App.P. 14(f)(7). We affirm.

Plaintiff taxpayers have questioned the property tax assessments for tax years 1984, 1985, and 1986, of Westown Shopping Center in West Des Moines. The shopping center is located on land owned by plaintiff I.C.M. Realty and is held under a ground lease by Westown Associates, an Iowa Limited Partnership. The ground lease provides, in part, that real estate taxes are to be paid by Westown Associates, and the lease also contains an option to buy in favor of Westown Associates. The shopping center is leased to various businesses.

Several of the tenants entered into long term leases a number of years ago which provide for rental rates which are now well below current market rental rates. At least two major tenants have sublet their premises at rates in excess of their contract rental rates. The Polk County Assessor's office valued the land at $1,334,900 and the building at $2,872,710, for a total assessment of $4,207,610. Plaintiffs have challenged this assessment and have requested the Board to lower its valuation to $3,100,000.

As a preliminary matter, the district court, in ruling on a motion for separate adjudication of law points, stated that the property should be valued as a fee simple free and clear of any leases, but that evidence of the leases could be used as a factor in determining the value of the property independent of the leases. Upon trial, the district court found that plaintiffs failed to bring forward sufficient evidence to shift the burden of proof and upheld the assessor's valuation of the property.

Iowa Code section 441.21(1)(b) sets forth the standards by which real property is to be assessed. That section states in pertinent part:

b. The actual value of all property subject to assessment and taxation shall be the fair and reasonable market value of such property except as otherwise provided in this section. "Market value" is defined as the fair and reasonable exchange in the year in which the property is listed and valued between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and each being familiar with all the facts relating to the particular property. Sale prices of the property or comparable property in normal transactions reflecting market value, and the probable availability or unavailability of persons interested in purchasing the property, shall be taken into consideration in arriving at its market value.

When this "sales price" method of valuation cannot be used, then the assessor is to consider "other factors" such as the property's productive and earning capacity, its

cost, physical and functional depreciation and obsolescence and replacement cost. Iowa Code § 441.21(2) (1987); *Equitable Life Ins. Co. v. Board of Review of City of Des Moines*, 281 N.W.2d 821, 823 (Iowa 1979).

Plaintiffs' theory on appeal is that valuations of commercial properties for the assessment of real property taxes must take into consideration existing leases upon that property as a factor in the determination of market value. Defendants, on the other hand, argue that the property interest to be valued for tax assessment purposes is the fee simple interest in the property, which is the property in its entirety, free and clear of any encumbrances.

■ We believe the trial court was correct in holding that the proper measure of value is what the property would bring if sold in fee simple free and clear of any leases. In so holding, the district court cited *Oberstein v. Adair County Bd. of Review*, 318 N.W.2d 817 (Iowa App.1982), and we agree that it controls the present case. In *Oberstein*, the property in question was an office building in Adair County which the owner had leased to the United States Postal Service under a long term lease at a rental rate below market rent. The owner of the property contended that the tax assessment on the property should be reduced to take into account the long term lease's unfavorable impact on him.

In ruling for the Board of Review and against the property owner in *Oberstein*, the court of appeals noted that "[T]axes on real estate in Iowa constitute an entirely in rem claim. Such taxes are not the personal obligation of any person." *Id.* at 819 (citations omitted). The court further noted:

> [T]he taxing authority's lien and right to sell the property for nonpayment of taxes encompasses *all* interests in the property, even though the party named in the assessment owns less than the entire interest therein (citations omitted). The assessment of the property in a particular name is only a matter of administrative convenience.... All outstanding interests are taxed *as a whole* and measured by the value of the fee.

*Id.* at 819 (emphasis added). *See also Nedderman v. City of Des Moines*, 221 Iowa 1352, 268 N.W. 36 (1936).

Plaintiffs rely on *Riso v. Pottawattamie Bd. of Review*, 362 N.W.2d 513 (Iowa 1985), in support of their theory. The issue before the supreme court there was whether it was proper for the assessor to consider the percentage rent in arriving at a market/economic rent figure for use in the income method of valuation. The supreme court held it was proper to do so, and noted that "lease provisions of this kind *bear on* the lessor's income and are an *integral factor* in valuing the property through the income method" (emphasis added). We agree with defendants that the holding in *Riso* is *not inconsistent* with the principles articulated in *Oberstein*, namely the language which states: "[w]hile rental income which might be received from a particular lease is *some* evidence of the value of the demised premises, such evidence may only be considered in determining what that value would be, *independent of the existing lease.*" 318 N.W.2d at 821 (emphasis added). Citing these principles, the district court in the present case valued the property based upon the property in its entirety, free and clear of any existing leases. We hold that this was not error and affirm the trial court.

■ Plaintiffs next contend that the burden of proof shifted to the Board of Review and the Board failed to sustain its burden to uphold the assessed valuations. When a taxpayer challenges an assessment as excessive, inadequate, inequitable or capricious, the taxpayer has the burden of proof. However, if the taxpayer "offers competent evidence by at least two disinterested witnesses that the market value of the property is less than the market value determined by the assessor, the burden of proof thereafter shall be upon the officials or persons seeking to uphold such valuation to be assessed." Iowa Code § 441.21(3) (1987).

■ Upon our de novo review of the record, we agree with the trial court that plaintiffs failed to sustain their initial bur-

den of proof under Iowa Code section 441.-21(3). It is clear from the record that Messrs. Frahm and Winegar, plaintiffs' disinterested witnesses, relied solely on the income method in their valuations of the subject property, in direct violation of Iowa statutory and case law. *See* Iowa Code § 441.21(3) (1987); *Dowden v. Dickinson County, Iowa, Bd. of Review,* 338 N.W.2d 719, 723 (Iowa App.1983). Moreover, both witnesses relied upon the leases encumbering the property in their valuations, and as the interest to be valued is a fee simple interest, such assessments are incomplete and inaccurate.

We affirm the district court's dismissal and uphold the assessor's valuation of the shopping center in the amount of $4,207,-610.

AFFIRMED.