# IN THE COURT OF APPEALS OF IOWA

No. 20-0623
Filed April 14, 2021

**LOWE'S HOME CENTERS, LLC,**
    Plaintiff-Appellant,

**vs.**

**IOWA PROPERTY ASSESSMENT APPEAL BOARD,**
    Defendant-Appellee,

**and**

**BLACK HAWK COUNTY BOARD OF REVIEW,**
    Intervenor-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

Lowe's Home Centers, LLC appeals the district court's ruling on judicial review affirming the Property Assessment Appeal Board's valuation of its Waterloo property. **AFFIRMED.**

Matthew M. Craft and Erich D. Priebe of Dutton, Daniels, Hines, Kalkhoff, Cook & Swanson, P.L.C., Waterloo, for appellant.

Jessica Braunschweig-Norris and Bradley O. Hopkins, Des Moines, for appellee Property Assessment Appeal Board.

Michael O. Treinen, Waterloo, for appellee intervenor, Black Hawk County Board of Review.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**SCHUMACHER, Judge.**

Lowe's Home Centers, LLC appeals the district court's ruling on judicial review affirming the Property Assessment Appeal Board's (PAAB) valuation of its Waterloo property at $8,898,790. Lowe's argues the PAAB violated Iowa law by adopting an appraisal of the property at its "current use," rather than its market value; erred in interpreting Iowa law, which mandates the property be valued at what it "would bring if sold in fee simple free and clear of any lease";[1] and the improper interpretation and application of law violated Lowe's due process rights under the United States Constitution.

---

[1] This is a quote from *I.C.M. Realty v. Woodward*, 433 N.W.2d 760, 762 (Iowa Ct. App. 1988) ("We believe the trial court was correct in holding that the proper measure of value is what the property would bring if sold in fee simple free and clear of any leases."). We believe Lowe's reads too much into the isolated statement.

In *I.C.M Realty*, we rejected a taxpayer's argument that the property should be assessed at a lower value because the property was subject to an existing below-market lease. 433 N.W.2d at 762. We noted an existing lease is some evidence of the property's value, but the appraiser must ultimately determine the property's value independent of the existing lease. *Id.* (citing *Oberstein v. Adair Cty. Bd. of Review*, 318 N.W.2d 817, 821 (Iowa Ct. App. 1982)). Because the appraiser must consider the entirety of the rights to the property, an existing below-market lease does not lower the value of the property. *Id.*

The PAAB addressed Lowe's claim in this manner:

> Relying on language from *I.C.M. Realty*, Lowes argues that Manternach's appraisal departs from fee simple valuation because he valued the property under the income approach as if it had stabilized occupancy. We think Lowes focuses too narrowly on isolated phrases in *I.C.M Realty*. Iowa case law indicates that an existing lease can serve as some evidence of the property's value. *Oberstein*, 318 N.W.2d at 821; *Riso v. Pottawattamie Cty. Bd. of Review*, 362 N.W.2d 513 (Iowa 1985) (authorizing use of percentage rent in determining economic rent in income approach). Within the income approach specifically, the ultimate question is what the subject property's productive and earning capacity would be if exposed to the market.

Lowe's owns a commercial property located at 400 E. Tower Park Road, Waterloo, which includes a large commercial retail store built in 2002. It has 137,643 square feet of gross building area, and a 19,476 square-foot fenced outdoor sales and garden area. The roofed sales and garden areas have lights, sprinklers, and interwoven roofing to the main building. The 15.78-acre site is also improved with 284,000 square feet of paving. The improvements include three dock-level truck doors with a load leveler and several other grade-level overhead doors allowing for interior access. The Black Hawk County Board of Review assessed the property for $8,898,790 in 2017.

Lowe's protested the 2017 assessment to the Board of Review and claimed the property was assessed for more than the value authorized by law under Iowa Code section 441.37(1)(a)(1)(b) (2017). The Board of Review denied the protest.

Lowe's appealed the Board of Review's decision to PAAB. Two appraisals were submitted. Lawrence Allen completed an appraisal for Lowe's, and Russ Manternach completed an appraisal for the Board of Review. The following table summarizes the appraisers' approaches to value and their respective conclusions as of January 1, 2017.

| Appraiser | Sales Approach | Income Approach | Cost Approach | Final Opinion of Value |
|---|---|---|---|---|
| Allen | $5,490,000 | $5,460,000 | Not Developed | $5,480,000 |
| Manternach | $9,080,000 | $9,240,000 | $9,080,000 | $9,100,000 |

The PAAB affirmed the appraisal. In addition, the district court upheld the PAAB's decision on Lowe's petition for judicial review. Lowe's appeals.

We review the PAAB's decision for correction of errors at law. Iowa Code § 441.39. Because the district court affirmed the agency on judicial review, "we

apply the standards of chapter 17A to determine if we reach the same conclusion as the district court." *Wendling Quarries, Inc. v. Prop. Assessment App. Bd.*, 865 N.W.2d 635, 638 (Iowa Ct. App. 2015); *Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 571 (Iowa 2006) ("When a district court exercises its authority on judicial review, it acts in an appellate capacity to correct any errors of law by the agency."). If our conclusions are the same, we affirm. *Winnebago*, 727 N.W.2d at 571. "If the agency's action was based on an erroneous interpretation of a provision of law whose interpretation has not been clearly vested in the agency, we shall reverse, modify or grant other appropriate relief from the agency action." *Naumann v. Iowa Prop. Assessment App. Bd.*, 791 N.W.2d 258, 260 (Iowa 2010) (citing Iowa Code § 17A.19(10)(c)).

This court recently addressed and rejected the first two issues Lowe's raises in a strikingly similar case. *See Lowe's Home Centers, LLC v. Iowa Prop. Assessment App. Bd.*, No. 20-0764, 2021 WL 610105, at *1 (Iowa Ct. App. Feb. 17, 2021). There, Lowe's challenged the 2017 value of its Coralville property. That case involved the same two expert appraisers: Laurence Allen for Lowe's and Russ Manternach for the board. *Id.* The evidence and arguments made in that case are substantially the same as in this case. As was true in that case, the PAAB found issues with both appraisers but ultimately found Manternach's appraisal more reliable. *See id.* at *3–4.

On judicial review, as is the case here, the district court upheld PAAB's valuations. On appeal to this court, we outlined the applicable statutes, reviewed the supreme court's analyses of pertinent case law, including *Wellmark, Inc. v. County Board of Review*, 875 N.W.2d 667 (Iowa 2015), *Soifer v. Floyd County*

*Board of Review*, 759 N.W.2d 775 (Iowa 2009), and *Maytag Co. v. Partridge*, 210 N.W.2d 584 (Iowa 1973), and rejected Lowe's claims that the PAAB was misinterpreting Iowa law and had misapplied that law in considering the current use of the property. *See Lowe's*, 2021 WL 610105, at *4–5. For all the reasons stated in *Lowe's*, 2021 WL 610105, at *2–5, we reject Lowe's same arguments here. Because Lowe's due process claim is premised on its allegations that the PAAB misinterpreted and misapplied Iowa law, we also reject the constitutional claim.

**AFFIRMED.**