EMMA S. FINDLEY v. C. O. TAYLOR, Executor, Appellant.

**Executors: TAXES.** A will devised realty *to its executor.* It directed that all debts should be paid. Certain taxes were due on the land
1   devised when the testator died. The executor deeded the land *without making himself personally liable for said taxes.* *Held,* as Iowa law makes taxes a debt of the person taxed, at least from the time they become due. it was the duty of the executor to pay the taxes from the property of the estate *as a debt due rom the estate,* notwithstanding the land might be sold to enforce the taxes.

**Filing Claims.** Claims for taxes due by deceased, which Code, sec-
2   tion 2420, requires the executor to pay, need not be filed by the county treasurer.

*Appeal from Wapello District Court.*—HON. W. I. BABB, Judge.

WEDNESDAY, APRIL 8, 1896.

THIS is a proceeding in probate for an order requiring the defendant to pay taxes on certain real estate. From an order granted as prayed, the defendant appeals.—*Affirmed.*

*McNett & Tisdale* for appellant.

*McElroy & Heindel* for appellee.

ROBINSON, J.—Juliette A. Taylor died in August, 1892, seised in fee simple of lots 59 and 60, in the city of Ottumwa. Her only heirs are the plaintiff and C. O. Taylor, who is the executor of her estate. She left

a will, which was duly admitted to probate. It contained the following provision: "I will and direct that all my just debts and funeral expenses shall be paid out of the estate of which I shall die possessed and seised." The will devised the lots described to C. O. Taylor, but the plaintiff, being dissatisfied with the provisions of the will, was preparing to contest it when she and Taylor entered into an agreement for the purpose of avoiding further controversy and settling the matters in dispute. That provided that the will should be duly probated, and that it should always have full force and effect as the will of the decedent, and that certain parts of the lots described, which included the residence of the decedent, should be conveyed to the plaintiff by a special warranty deed, to be executed by Taylor and his wife. The deed was executed, as required, by the agreement, on the twenty-second day of September, 1892. At that time one-half of the taxes levied upon the lots for the year 1891 were due and unpaid, and this proceeding is prosecuted for the purpose of requiring the defendant to pay those taxes. The district court found that the plaintiff was entitled to the relief demanded, and ordered the payment of the taxes in controversy, to the amount of seventy-four dollars and seventy-nine cents. A certificate of the trial judge which presents the questions in dispute is submitted for our consideration.

The question is stated by the appellant as follows: "Was the plaintiff entitled to an order compelling the executor to pay certain taxes upon the real estate in question, which were a charge and a lien at the date of the death of the testatrix, where the plaintiff acquired her title, not from the testatrix, nor under her will, but under a deed of special warranty from C. O. Taylor, individually." The plaintiff has no claim against Taylor as an individual. The covenants of his deed required him to

warrant and defend the premises conveyed only against the lawful claims of persons who should claim by or through him, and he is not personally liable for · the payment of the taxes. But the will remains in force, and we are required to determine whether it is the duty of the defendant, as executor of the estate of the decedent, to pay them. Taxes in this state become due and payable in January of each year. Provision is made whereby a part of them may be paid before · the first day of April, and the remainder before the first day of October, without incurring any penalty. But, if not paid within the time prescribed, the treasurer may make collection by distress and sale of the personal property of the person taxed. Provision is also made for the sale of the real estate, to enforce the payment of taxes. But, however the taxes are collected, they are a debt of the person taxed, at least from the time they become due. Acts Twentieth General Assembly, chapter 194, section 1. See, also, *City of Dubuque v. Illinois Cent. R. Co.*, 39 Iowa, 56.

The taxes in question were due when Mrs. Taylor died, and her estate is liable for their payment. The fact that no claim for them had been presented to the executor by the county treasurer, and that their payment could be enforced by the sale of the lots, did not affect the liability of the estate for them. When the executor of an estate is possessed of sufficient means, over and above the expenses of administration, he is required, first, to pay the charges of the last sickness and funeral of the deceased; then, any allowance which may be made for the maintenance of the widow and minor children, if any. After that is done, if the funds at his command are sufficient, he is required to pay debts entitled to preference under the laws of the United States; then, public rates and taxes, and afterwards, claims duly filed and proved, and legacies. Code, sections 2418–2421.

There is no requirement in regard to filing claims for taxes, and the failure to file them does not release the estate from liability.

The will of the decedent provided for the payment of all her debts, and that remains in force. The statutes relating to that subject also require the payment of her debts. Code, sections 2322, 2386, 2387, 2420. It is, therefore, the duty of the defendant to pay the taxes in controversy, and the plaintiff, as the owner of premises on which they are a lien, is interested in having him perform that duty. The fact that he acquired the premises by virtue of the will, and then conveyed them to the plaintiff by a deed containing covenants of special warranty only, is immaterial, nor is it important that, as executor, he may not have been entitled to take possession of the premises. Our conclusion is based upon the fact that the taxes were due and payable when the testatrix died, and that they constituted a debt for which her estate is liable. The order of the district court appears to be right, and is AFFIRMED.