CRAWFORD COUNTY, IOWA, Appellant, v. H. C. LAUB.

**Mulct Tax:** COLLECTION: *Personal suit.* Under mulct law (Acts Twenty-fifth General Assembly, chapter 62, sections 1, 12, 13, imposing a tax on lands whereon intoxicating liquors are sold, and making such tax a lien to be enforced against the land in the same manner as provided by law for the collection of ordinary taxes by tax sale, etc., a suit in equity cannot be maintained against the owner of the land, subject to a lien for a delinquent mulct tax to enforce such lien, since the remedy by a sale of the land for nonpayment of the tax is adequate and exclusive.

*Appeal from Crawford District Court.*—Hon. S. M. Elwood, Judge.

Friday, January 26, 1900.

John Coulter operated a saloon, in which intoxicating liquors were sold, on lot 1, in block 4, in the town of West Side, from July 19, 1894, to October 1st of the same year, in pursuance of the provisions of the mulct law. This lot was duly assessed, and the tax levied. When he ceased business, there was a balance of one hundred and nineteen dollars and sixty cents due from Coulter, which was unpaid, and constituted a lien on the lot then owned by Ellen Waldron Crow. She sold it to the defendant in 1896. The premises were offered for sale by the treasurer in June, 1895, and repeatedly thereafter, without receiving bids. The plaintiff averred that all legal remedies for the collection of the tax had proven unavailing, and prayed that a decree be entered establishing the same, with penalties, as a lien on the lot, and that special execution issue for its sale. The court sustained the defendant's demurrer that the facts stated did not entitle the plaintiff to any relief, and, as the county elected to stand on the ruling, the petition was dismissed. The plaintiff appeals.—*Affirmed.*

*P. E. C. Lally* for appellant.

*Shaw, Kuehnle & Beard* for appellee.

Ladd, J.—That the tax levied against a lot on which a liquor saloon is operated under the mulct law is a debt for which the proprietor and his sureties are personally liable in a suit on his bond was held in *Marshall County v. Knoll,* 102 Iowa, 573. No other remedy on the bond existed, and the right to maintain an action thereon was necessarily implied. See *McInerny v. Reed,* 23 Iowa, 412; *Findley v. Taylor,* 97 Iowa, 420; *State v. Tittman,* 103 Mo. 553 (15

S. W. Rep. 936). Here the proprietor is not a party, and the only remedy sought is against the real estate. Section 1 of chapter 62 of the Acts of the Twenty-fifth General Assembly provided for the assessment against the person engaged in the liquor traffic, and also "upon any real property and the owner thereof, within or whereon intoxicating liquors are sold, or kept with intent to sell in this state, a tax of six hundred dollars per annum. All such taxes shall be a perpetual lien upon all property, both personal and real, used in or connected with the business." Section 12 requires the county treasurer on the first Mondays in June and December to offer "at public sale at his office, all lands, town lots or other real property on which taxes for the sale of intoxicating liquors have become a lien." By section 13, "all the provisions of law now or hereafter in force for the assessment, levy and collection of taxes shall apply to and govern the taxes provided for by this act, except as herein otherwise provided." It is sufficient here to say that, under the general law relating to the collection of taxes, upon sale of land a certificate of sale is executed by the treasurer to the purchaser, and, unless redemption is made in the meantime, on proper notice, a deed will be issued in three years. The remedy is thus provided in detail, and we think it is exclusive. This court has never determined whether ordinary taxes may be collected in an action at law. On that proposition but two of the four judges concurred in *City of Burlington v. Burlington & M. R. Co.,* 41 Iowa, 139, and *City of Dubuque v. Illinois Cent. R. Co.,* 39 Iowa, 56. The point was not involved in *Shaw v. Orr,* 30 Iowa, 360, nor decided in *Findley v. Taylor,* 97 Iowa, 420. Nor may we now determine that question, though it can be said the decided weight of authority is that the particular remedy provided by statute is exclusive. *Water-Supply Co. v. Bell,* 20 Colo. Sup. 175 (36 Pac. Rep. 1102); *City of Nebraska City v. Nebraska City Hydraulic Gaslight & Coke Co.,* 9 Neb. 339 (2 N. W. Rep. 872); *City of Caron-*

*delet v. Picot,* 38 Mo. 125; *Board of Com'rs of Stafford County v. First Nat. Bank of Stafford,* 48 Kan. Sup. 561 (30 Pac. Rep. 22); *Baldwin v. Hewett,* 88 Ky. 673 (11 S. W. Rep. 803); *Pierce County v. Merrill,* 19 Wash. 175 (52 Pac. Rep. 854). See authorities collected in 25 Am. & Eng. Enc. Law, 312 *et seq.;* Cooley Taxation (2d ed.) 16. See, also, Black, Tax Titles, section 45; Blackwell, Tax Titles, section 335. The same remedy is provided for enforcing the collection of the mulct tax against land as the ordinary tax. The different steps to be taken are as clearly defined by the revenue law as the mode under which a judgment lien may be enforced and collected is pointed out by statute. In providing a specific remedy for the enforcement of a tax lien, applicable to no other, the legislative intent that another may not be resorted to is manifest. See Sutherland Statutory Construction, section 399; *Hodges v. Tama County,* 91 Iowa, 578; *Luce v. Fensler,* 85 Iowa, 602; *Cole v. City of Muscatine,* 14 Iowa, 296. It must be borne in mind that the exercise of the power of taxation is legislative, and not judicial, in character; and that, where an adequate remedy is provided by the general assembly without resort to the courts, none by court procedure should be implied. In *Corbin v. Young,* 24 Kan. 201, the court, speaking through Brewer, J., said: "It is undoubtedly true that by statute taxes are made a lien, and that equity, when it takes jurisdiction, enforces a lien by foreclosure and sale. But has equity any jurisdiction in this case? Can the holder of a tax lien foreclose it as he would a mortgage lien? We think not. The statute has prescribed the proceedings in reference to taxes, tax sales, redemptions, and also to secure the rights of tax purchasers; and whenever these proceedings apply a party may not invoke the general jurisdiction and proceedings of the courts." *People v. Biggins,* 96 Ill. 481; *Board of Education v. Old Dominion, I. M. & M. Co.* 18 W. Va. 441; *Water-Supply Co. v. Bell, supra.* The appellant is mistaken in asserting that a more adequate rem-

edy would be afforded by an action in equity. As the lien
exists, no suit is essential to its establishment, and title may
be as effectually devested by the sale of the treasurer as by
ʃthat of the sheriff. Possibly the buyers might the more
readily bid in the one case than in the other, but this does
not involve the adequacy of the remedy, but the adequacy of
ʃthe results of the remedy. As said in *Thompson v. Allen
County,* 115 U. S. 550 (6 Sup. Ct. Rep. 140, 29 L. Ed.
472): "By 'inadequacy of the remedy at law' is here meant,
not that it fails to produce the money,—that is a very usual
result in the use of all remedies,—but that, in its nature
or character, it is not fitted to be the end in view." As
tersely put in *Rees v. City of Watertown,* 19 Wall. 107 (22
L. Ed. 72): "The remedy is, in law and in theory, ade-
quate. The difficulty is in its execution." See *People v.
Biggins, supra,* and *Board of Education v. Old Dominion,
I. M. & M. Co., supra.*—AFFIRMED.

GRANGER, C. J., not sitting. ·