PLYMOUTH COUNTY v. JAMES E. MOORE, Appellant.

**Collection of Taxes:** STATUTORY METHOD EXCLUSIVE: *Not recoverable as a debt.* The statutory remedy for collection of tax provided by Code, section 1406, authorizing the distress and sale of all prsonal property not exempt from taxation, and stipulating that the tax list alone shall be sufficient warrant therefor, and section 1407, prescribing that, in case of the collector's failing to collect the tax, the sheriff shall be placed in charge of the matter, and may sell the property, is exclusive, and an action to collect the tax as a debt will not lie.

**Taxes:** LIEN. Where a tax was levied on a stock of merchandise on September 9th, and Code, section 1400, providing that taxes on stock of merchandise shall be a lien thereon, which shall

continue when sold in bulk, became effective in October, the lien attached to the stock on the day the law became effective.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

THURSDAY, OCTOBER 17, 1901.

THIS is a personal action against the defendant to recover the tax levied upon a stock of merchandise at the time of the assignment and levy owned by him, but which he afterwards sold. There was a judgment for the plaintiff, and the defendant appeals.—*Reversed.*

*I. S. Struble* for appellant.

*George A. Jeffers* for appellee.

SHERWIN, J.—The tax sought to be recovered in this action was levied on the ninth day of September, 1897, and as we understand from the record and the arguments, befor the stock was sold by the defendant. It is stipulated that the stock since its sale has been kept in Plymouth county. It is contended by the appellant that he is not personally liable for the tax levied upon this stock of merchandise because the law provides for its distress and sale for the tax levied upon it. The weight of judicial opinion seems to be that a tax is not a debt, within the commonly accepted definition of that word, and that a common-law action for its recovery as such will not lie when the statute has undertaken to provide the mode and means of its collection without expressly authorizing such an action. Cooley, Taxation (2d ed.) 16, and cases there cited; 25 Am. & Eng. Enc. Law, 131, 312, and cases. See, also, case cited on this point in *Crawford County v. Laub,* 110 Iowa, 355; *Richards v. Commissioners,* 40 Neb. 45 (42 Am. St. Rep. 650, and note, 655 [s. c. 58 N. W. Rep. 594]); *Danforth v. McCook County,* 11 S. D. 258 (76 N. W. Rep.

940, 74 Am. St. Rep. 808); *City of Detroit v. Jepp,* 52 Mich. 458 (18 N. W. Rep. 217). This action is to recover an ordinary tax, and the question whether it will lie, in view of the provisions of our statute for the distress and sale of personal property for taxes, is an open one in this state. Sections 1406 and 1407 of the Code provide the most ample means for the collection of taxes. The first of the two authorizes the distress and sale of all personal property not exempt from taxation, and says that the tax list alone shall be sufficient warrant therefor. The latter authorizes the appointment of collectors to assist the county treasurer, and provides that, in case of their failure to collect the tax, the sheriff of the county shall be placed in charge thereof, and that he may sell as provided in the preceding section. In addition to the two sections above referred to, section 1409 of the Code provides for the certification of an abstract of the delinquent taxes to any other county where the delinquent may reside, or have property, and section 1410 gives such abstract, when filed, the effect of a levy of taxes in that county, and says "that the collection of the same shall be proceeded with in the same manner as the collection of other taxes." The sections of the statute cited give the treasurer almost unlimited power over the property of the delinquent taxpayer, and without any judicial process to hamper or circumscribe his action. What more effective or more certain method can be devised for the collection of taxes than to put all of the property upon which it has been levied into the hands of the collector for sale under the authority of the tax list alone? We can conceive of none so sure, speedy, and certain. It was the very evident intent of the legislature to make the remedy for the failure to pay taxes drastic, and it accomplished its object with no uncertain use of language. That the remedy here provided is entirely adequate to meet all conditions where the property has not been sold cannot be successfully questioned, and in adopting it the legislature

must be held to have intended to exclude any other procedure. *Hodges v. Tama County,* 91 Iowa, 578; *Crawford County v. Laub, supra.* Before the adoption of the present Code there was no statute making a tax on personalty a lien thereon, and to effect a lien distraint was necessary, so that a sale before distraint carried the property free of the tax; but by section 1400 of the present Code taxes upon stocks of goods or merchandise are made a lien thereon, which lien shall continue "when sold in bulk." While it does not certainly appear that the sale in question was made after this statute took effect, we are led to believe it was, from the arguments presented to us, and shall treat this branch of the case with that understanding. If we are right in this, there can be no question as to the power of the legislature to make the taxes levied on the ninth day of September, 1897, a lien on the personal property by the enactment of the law that became effective in October following. As no specific time is fixed in the statute when the tax became a lien, it should attach at the time when it is definitely known what the charge would be, which was when the levy was made on the ninth of September; hence in this case, when the law became effective, the lien attached at once. Cooley, Taxation, 447, 448.

It follows, then, that the taxes for which this action was brought were a lien upon the stock of goods sold by the defendant which were subject to the distress and sale provided for in sections 1406 and 1407 of the Code.

We therefore hold that this action to recover them cannot be maintained, and the judgment is REVERSED.