J. W. TYRRELL, Executor, Appellant, v. WILLIAM SHANNON ET AL., Appellees.

**Homestead:** ABANDONMENT: EVIDENCE.  In this proceeding to sell 1 real property claimed as a homestead to pay the debts of a decedent, the evidence is held to show that decedent, while occupying the property with a married son, left the same for a visit with relatives intending to return, but was prevented from doing so by reason of a personal injury from the effects of which he died, and that there was not an abandonment of the homestead.

**Appeal:** QUESTIONS NOT WITHIN THE ISSUES: REVIEW.  Questions not 2 within the pleadings and not presented and passed upon by the trial court are not subject to review on appeal.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

TUESDAY, NOVEMBER 23, 1909.

REHEARING DENIED, TUESDAY, APRIL 12, 1910.

THIS is a proceeding upon the petition of an executor to sell real estate. The court denied his application, and he appeals.—*Affirmed.*

*L. A. Smyers,* for appellant.

*Jas. A. Merritt,* for appellees.

EVANS, C. J.—The pleadings in this case are very indefinite. The petition alleges that the plaintiff is the executor of the estate of Daniel Shannon, and that he has filed with the clerk a statement of all claims, that there was no personal property of any kind, and that the decedent was the owner of a certain twenty acres of land. Whether there was a prayer to the petition does not appear from the abstract, nor does it appear therefrom who are the defendants except as above indicated in the title. The answering defendants describe themselves as "the heirs at law and children of Daniel Shannon." They aver that the twenty acres in question was the homestead of the deceased at the time of his death, and that they are entitled to hold it free from the debts of the deceased. By reply the executor denies that the same was a homestead, and denies that it was so used by the decedent for some years prior to his death. He also avers that the property was within the corporate limits of Des Moines.

From the evidence and the arguments we infer that the proceeding is one brought under section 3323 of the Code, and is an application for an order to sell real estate to pay debts. On the trial the will of the decedent was introduced in

1. HOMESTEAD: abandonment: evidence.

evidence. The executor also testified that the claims filed

against the estate were over $400, the larger part of which consisted of the claims of the executor himself for medical services. Whether the claims had ever been allowed does not appear. Apart from this testimony of the executor, the only issue to which the evidence was directed was whether or not the real estate in question was the homestead of the decedent at the time of his death. The decedent acquired it about twenty years before his death, and after the death of his wife. He occupied it as a home with his three children, one of whom was a minor. After some years he rented it temporarily, and returned again to its occupancy after three years; his married son returning with him. While on a visit to his daughter in 1906, he met with a serious accident, the breaking of his thigh. As a result of this accident, from which he never recovered, he was unable to be taken home, and he died in about one year and a half after such accident. There was other evidence bearing on his intention to maintain and return to his home. The trial court found that the property in question was his homestead at the time of his decease. We think this finding is well supported by the evidence. The court also denied the application to sell.

Plaintiff's argument takes a somewhat broader scope than the pleadings, and argues some questions which do not seem to have been presented to the lower court, nor to have been passed on by the trial judge. 2. APPEAL: questions not within the issues: review. The proceeding was in probate, and is triable here only on errors. The pleadings as they were narrowed the scope of the inquiry. On the issues thus made, the court reached a proper conclusion. Beyond this we have no occasion to go.—*Affirmed.*