IN RE ESTATE OF C. F. W. OELWEIN.

No. 41664.

December 12, 1933.

Rehearing Denied March 9, 1934.

Longley, Ransier & Frank, and W. H. Antes, for appellants.

E. R. O'Brien, E. H. Estey, and Carr, Cox, Evans & Riley, for appellee.

Albert, C. J.—C. F. W. Oelwein died intestate on the 9th day of August, 1928. Within a few days thereafter letters of administration were duly issued to H. T. Fuller. At the time of the death of Oelwein, he left as his estate certain chattel property from the sale of which the administrator received $2,746.09. He also left certain lots in an addition to the town of Oelwein, which are not involved in this controversy, together with a quarter section of land. Numerous claims were filed against the estate. Up to September 26, 1928, there had been filed against said estate claims amounting to $2,667.58. After that date claims were filed amounting to something over $200.

The aforesaid quarter section of land was subject to a mortgage of $7,500, which was due on January 1, 1929, or about five months after the death of the decedent. This $7,500 mortgage was the matter of discussion between the administrator and the holder

of the mortgage (one Smith by name), and, while same had not been filed as a claim against the estate, Fuller (the administrator) testifies that Smith demanded payment of the mortgage indebtedness on which the interest had been delinquent for something like eighteen months and the total amount due on the mortgage was about $8,261. The administrator was then confronted with a situation where it was necessary that he resort to the land for the payment of the debts of the estate, which exceeded the amount realized from all personal property, and thereupon, on September 26, 1928, he filed petition and served notice on all parties interested that he would either mortgage or sell the land to the end that the debts of the estate might be paid. In his petition for the sale of the land he listed as debts of the estate certain special assessments against the aforesaid lots in the city of Oelwein, amounting to some $3,500. The proceedings for the sale of said property seems to have been regular in every respect, and the administrator sold said real estate for the sum of $12,000. He made report and the same was approved by the district court.

After he had completed his services to the estate, he made a final report, to which objections were filed by certain of the heirs. However, on submission of the same to the probate court, in the district court of Fayette county, the presiding judge approved the final report. Hence this appeal.

But two complaints are made against the order on this final report. The first is that the fees allowed to the administrator and his attorney are illegal and unjustified; the second is that the administrator had no right to deduct $150 from the purchase price of the land he sold.

As to the first complaint, it is urged that the order procured for the sale of said property was illegal, in that certain statements made in the petition for such sale were false, and that the whole purpose of the sale was simply to enhance the fees of the administrator and his attorney. It is true that the administrator in his petition, in listing the debts of the estate, included special assessments against the town property. These special assessments are *in rem*, and there was no personal liability on the part of the decedent to pay the same, and therefore, accurately speaking, they were not debts of the estate and could not be used as a basis for a petition to sell real estate. The administrator, however, had the right to

take into consideration the status of the estate at the time he moved to sell the real estate. The outstanding debts (under the provisions of section 11933 of the Code of 1931), although some of them were not filed, were known to him to exist, and he had the right to take them into consideration, as did the court, when this petition for sale of real estate was filed. Some light is thrown on this proposition by our decision in In re Estate of Wonn, 80 Iowa 750, 45 N. W. 1063. It was apparent to the administrator at that time, as it will be to any one who will read this record, that unless he moved promptly there would not be enough realized from the personal property in the estate to pay the debts, and also that the mortgage on the real estate was subject to foreclosure at any time, and if the debts of the estate were to be paid in full and anything realized out of the real estate for the heirs, it could be only by the prompt action of the administrator in selling the same. To say nothing of the outstanding indebtedness which had not been filed and the claims which were subsequently filed, there were certain general taxes existing against the estate which the administrator was bound to take into consideration, together with the costs of the court in such administration, including the administrator's and the attorney's fees, and, as the administrator then did and should consider the matter, the only hope of realization of the payment of the debts of the estate and saving anything for the heirs was by the sale of the real estate. We can find nothing in the record which warrants the conclusion of any effort on the part of the administrator or his attorney to enhance their fees by this sale of the real estate. On the other hand, we think that the proceedings in that respect were eminently proper under the situation. The fees allowed by the court to the administrator and his attorney were within the statutory limitations. We think the action of the district court in respect to this matter was proper.

■ One other question is raised in the case, growing out of the sale of the real estate. It appears that the contract for the sale of the real estate, which was approved by the court, provided for the sale of the quarter section of land for $12,000. When the sale came to be completed it was discovered that there were only 158 acres of land, and evidence was admitted to show that, while the writing specifies a lump sum, the actual contract between the parties was that the land was sold at $75 an acre and that there were only 158 acres, and hence the deduction of $150. The appellants contend that this

evidence was not admissible and therefore the administrator should be held to account for the $150. We do not think the parol evidence rule applies to a situation of this kind, passing the question that this is a collateral attack upon the order of the court. The court had all these matters before it and had the adjustment of all the rights of the parties here involved under consideration. We think, under the circumstances, that it had a right to accept this testimony regardless of the parol evidence rule.

 It is to be remembered that this is a law action and that the decision of the lower court has the force and effect of the verdict of a jury, and that the proceedings is not triable *de novo* here. When the findings of the lower court has support in the record it is conclusive on this court. See In re Estate of Clark, 151 Iowa 511, 131 N. W. 700; Chamberlain v. Fay, 205 Iowa 662, 216 N. W. 700; Tyrrell v. Shannon, 147 Iowa 184, 123 N. W. 325.

 Claims for taxes due from the decedent, even though they may not be filed or approved, constitute a charge against the estate which must be paid by the administrator. Code Iowa 1931, section 11970; Findley v. Taylor, 97 Iowa 420, 66 N. W. 744.

We find nothing which would warrant us in disturbing the ruling of the lower court in this matter, and its action is approved.— Affirmed.

STEVENS, ANDERSON, KINTZINGER, and MITCHELL, JJ., concur.