IN RE ESTATE OF CHARLES MORRIS.

No. 46257.

JUNE 15, 1943.

610

H. S. Hunn, of Des Moines, and Guy H. Hall, of Dallas Center, for appellant.

Emmert, James, Needham & Lindgren, of Des Moines, for appellee.

MILLER, J.—Charles Morris died testate December 24, 1940. The will was admitted to probate January 4, 1941. It devised certain real estate and personal property to the widow, Selma Morris, who was appointed and qualified as executrix. Item 3 of the will provided that, from the real estate not devised to the widow, three sisters were to be paid $1,000 each and the balance was to be divided equally among four sisters, three brothers, and the heirs of a deceased sister, share and share alike. The widow elected to take under the will. Partition proceedings were had to secure distribution of the real estate referred to in item 3 of the will. On January 21, 1942, Lewis Morris was appointed receiver of such real estate and qualified as such.

In the meantime, the executrix had collected the AAA payment for 1941 on the real estate of which Lewis Morris was made receiver. The receiver made application for an order to require the executrix to pay said money to him. The executrix resisted the application and asserted, as an offset to such payment of AAA benefits, the payment by her of the taxes for 1940 on said real estate, payable in 1941. The facts were stipulated and the matter was submitted to the court as in equity. The court found that the receiver was entitled to the AAA payment for 1941 and that the executrix was entitled to offset against her liability therefor the taxes for 1940, paid by her in 1941. The receiver appeals to this court.

The issue presented is clearly defined. It is whether the executrix can be reimbursed for the taxes on the real estate, referred to in item 3 of the will, for the year 1940, which she paid in 1941. The situation appears to be directly analogous to that presented in the case of In re Estate of Dalton, 183 Iowa 1013, 168 N. W. 332, and our decision there appears to be con-

trolling here. In that case the decedent died intestate October 27, 1914, seized of 384 acres of land. The widow was appointed administratrix and qualified. She paid the taxes for 1914 and 1915. Exception was taken to her final report. On appeal this court stated, at page 1015 of 183 Iowa, page 333 of 168 N. W. as follows:

"The administratrix appears to have paid the taxes on the land, as well as the house and lot, levied in 1914 and 1915. These were not liens, and had not become payable at the time of decedent's death. They did not then constitute personal obligations of the decedent, and might not be paid by the administratrix out of the proceeds of the personal property of the estate, even on the reasoning of Findley v. Taylor, 97 Iowa 420; but see Plymouth County v. Moore, 114 Iowa 700; Crawford County v. Laub, 110 Iowa 355. There is no showing that administratrix took possession of the land; and, therefore, she was not concerned, as such administratrix, therewith, or with the taxes not payable thereon. Exceptions to the payment from the proceeds of the personalty should have been sustained. They were paid from rents to accrue after Dalton's death; and, as this worked no prejudice to the heirs, save in charging same against the heirs' two-thirds interest in the rents, this will be corrected by charging one third of these taxes against the administratrix and two thirds thereof only against the shares of the heirs."

The result reached in the above pronouncement is substantially the same as that reached by the trial court herein. This court there determined that the estate of decedent was not liable for the taxes, that the same should be paid from the income of the real estate. Such was the result of the trial court's decision herein. We have carefully examined the brief of appellant and the authorities relied upon. We find no basis for distinguishing this case from the Dalton case and we see no occasion for overruling that case.

The receiver's contentions are thus summarized:

"Therefore, to summarize, the decedent had possession in September, 1940, when the tax was levied. The tax accrued and

became a lien as soon as levied; the tax was due because it was fixed and the law does not fix a different time for the tax to accrue than when levied; if the tax had accrued at the death of decedent and he had had the benefit of the taxable possession of the land, he owed the tax as a debt; all debts were by law and by decedent's will to be paid from his estate; there being funds in the estate with which to pay debts, it was the duty of the Executrix to pay the tax; and so long as it was her duty to pay the tax, the Executrix is not entitled to reimbursement.''

Appellee meets the foregoing contentions by reliance upon section 7210 of the Code, 1939, which makes it the duty of a taxpayer to attend at the office of the treasurer between the first Monday in January and the first day of March following and pay his taxes, and section 7204 which provides that, as against a purchaser, a lien for taxes shall attach to real estate on and after December 31st in each year. Since the real estate vested in the devisees eo instante upon the death of the testator, subject only to the right to resort thereto for the payment of debts, the executrix contends that the devisees were in a position analogous to that of a purchaser on December 24, 1940, became duty bound to pay the taxes after January 1, 1941, and as to them the lien for taxes attached December 31, 1940, one week after the title vested in them. Such was the position taken by us in the Dalton case. We adhere to it. We see no reason why a gratuitous devisee should be in a better position than a purchaser for value.

The receiver also asserts that, if it was his duty to pay the taxes, the executrix was a volunteer and cannot recover them. From the argument it appears that the executrix paid the taxes on advice of counsel that item 3 of the will worked an equitable conversion. There is no question but that the payment was made in good faith. In the Dalton case, the administratrix was permitted to recoup from the rents. Here the executrix accomplished the same result from the AAA payment. Again we adhere to our position in the Dalton case.

This case was tried as in equity. The result reached does equity. The decree is—Affirmed.

All Justices concur.