IN RE ESTATE OF JOHN Q. MCMAHON.

No. 46770.

FEBRUARY 5, 1946.

Jordan & Jordan, of Cedar Rapids, for appellants.

Robert Brooke, of West Liberty, for Scott McMahon, executor, appellee.

WENNERSTRUM, J.— ██  Certain devisees of the estate of John Q. McMahon, deceased, to whom had been specifically devised real estate in South Dakota, made an application in the estate proceeding wherein the court was asked to enter an· order directing the executor to pay the taxes due on the devised property at the time of decedent's death. It is claimed that these taxes should be paid out of the personalty of the estate by reason of the fact that in the first paragraph of the decedent's will the executor was directed to pay the debts of the estate. The executor filed a resistance and an amendment thereto wherein he denied any liability for the payment of the taxes on the South Dakota property. On submission of the application to the trial court upon an agreed statement of facts it held that there was no liability on the part of the executor to pay the taxes due on the real estate in South Dakota from the personal estate of the decedent because the collection of taxes in that state is a proceeding in rem and is not a claim against the decedent or his· estate.

The will of John Q. McMahon, now deceased, is, in part, as follows:

"First: I desire and direct that all of my debts, if any there be, and my funeral expenses and expenses of my last sickness be paid by the executor hereinafter named as soon as that can be legally and conveniently done.

"Second: I give and bequeath to my sister, Mary E. McMahon, if she survives me, all of my property for and during her lifetime she to have the income therefrom during her lifetime * * *

"Third: I give, devise and bequeath to Clarence Bemis, my deceased wife's nephew and to Thelma Bemis, his wife, and Harry Bemis, Lot Eight and Nine (8 & 9) in block Nine (9) Belvidere, South Dakota, in equal shares and also lots Nine, Ten, Eleven and Twelve (9, 10, 11 & 12) in Block Eleven (11) in Belvidere, South Dakota, share and share alike, after the decease of Mary E. McMahon."

The trial court has summarized the question that is presented to us on this appeal in its written conclusions of law, wherein it states:

"It appears to me that the sole question is: Are taxes levied by a foreign state, against real estate in that state owned by a nonresident, such a claim as may be enforced against his personal estate?"

I. It is stated in 51 Am. Jur. 831, section 945, that:

"A tax upon property, at least upon real property, is ordinarily considered to be a charge upon the property, and not a personal obligation of the person whose property is assessed for the tax, in the absence of a statutory declaration to that effect."

In 51 Am. Jur. 40, 41, section 8, it is also stated:

"* * * it is generally considered that taxes are not 'debts,' in the ordinary meaning of that word. A tax duly assessed or levied is not a debt within the meaning of the contract clause of the Federal Constitution; nor are taxes debts within the constitutional provision against imprisonment for debt. A tax is not a debt within the meaning of provisions allowing deductions in the determination of the amount of tax.

"A tax does not establish the relation of debtor and creditor between the taxpayer and the state or municipality; it does not bear interest when past due, unless the statute so provides; it is not liable to setoff; and it is not enforceable by a personal action against the taxpayer, absent statutory authority. A tax differs materially and essentially from a debt. The one is founded on contract; the other is not."

In 61 C. J. 219, section 200, it is stated:

"Nonresident incurs no personal liability for taxes on his property."

In 61 C. J. 221, 222, section 205, it is also stated:

"The state has full power to levy taxes on land within its borders, although it belongs to a nonresident. It should be observed, however, that in this case the land only should be assessed and the land only is liable for the payment of the tax, there being no personal liability on the nonresident owner."

█ The authorities in Iowa are to the effect that a tax is not a debt. Plymouth County v. Moore, 114 Iowa 700, 701, 87 N. W. 662; Grunewald v. City of Cedar Rapids, 118 Iowa 222, 226, 91 N. W. 1059; Bailies v. City Council of Des Moines, 127 Iowa 124, 126, 127, 102 N. W. 813; Lucas v. Purdy, 142 Iowa 359, 367, 120 N. W. 1063, 24 L. R. A., N. S., 1294, 19 Ann. Cas. 974; In re Estate of Dalton, 183 Iowa 1013, 1015, 168 N. W. 332. This is also the holding in Helvering v. Johnson County Realty Co., 8 Cir., Iowa, 128 F. 2d 716, 717, a case involving Iowa property.

The South Dakota Supreme Court also has held that taxes are not a debt. That court, in the case of Brule County v. King, 11 S. D. 294, 298, 77 N. W. 107, 108, said:

"This court held in Iowa Land Co. v. Douglas Co., 8 S. D. 491, 67 N. W. 52, that taxes are not debts, within the ordinary meaning of that term; and that decision has been affirmed in the recent case of Danforth v. McCook Co. (11 S. D. 258) 76 N. W. 940. Taxes not being debts, no action can be sustained to recover them, in the absence of statutory authority therefor, express or implied."

It was also stated, in Hanson County v. Gray, 12 S. D. 124, 125, 80 N. W. 175, 76 Am. St. Rep. 591, as follows:

"There may be decisions which announce a different doctrine, but the overwhelming weight of authority sustains the view that a tax is not a 'debt,' in the ordinary sense of that word; that, when the statute prescribes no special manner for its collection, it may be collected by an action at law, but, when an adequate method is provided by statute, an action for its collection cannot be maintained."

A further South Dakota authority which discloses that that state has a statutory provision for the collection of taxes is found in the case of Iowa Land Co. v. Douglas County, 8 S. D. 491, 504, 67 N. W. 52, 56, where it is stated:

"A tax is not a 'debt,' in the ordinary sense in which that term is used, but is a charge or burden imposed upon property for the benefit of the public. It is levied under the authority of the state, in the exercise of its sovereignty, for

governmental purposes, or for some object connected therewith. * * * In this state the payment of taxes is enforced by distress and sale of the personal property, or sale of the real property, and no action in the courts is provided for or required. The proceeding is summary and statutory, and in no sense an action invoking the exercise of the judicial power of a court.''

Under the authorities cited we can reach no other conclusion than that taxes are not debts such as were contemplated for payment in the first paragraph of the will of John Q. McMahon.

██ II. A proceeding for the collection of taxes is one in rem and under our Iowa authorities is an exclusive one. In Crawford County v. Laub, 110 Iowa 355, 357, 358, 81 N. W. 590, 591, which is a case involving a proceeding on a bond given by reason of the operation of a saloon under the mulct-tax law, we held such a tax was a debt because of the nature of the proceeding. However, in this cited case we said:

''It is sufficient here to say that, under the general law relating to the collection of taxes, upon sale of land a certificate of sale is executed by the treasurer to the purchaser, and, unless redemption is made in the meantime, on proper notice, a deed will be issued in three years. The remedy is thus provided in detail, and we think it is exclusive. * * * In providing a specific remedy for the enforcement of a tax lien, applicable to no other, the legislative intent that another may not be resorted to is manifest.''

As previously shown, the proceeding for the collection of taxes, both in South Dakota and in Iowa, is an exclusive one. Consequently it cannot be held that taxes can be collected in any other way than as provided by statute.

██ III. We are not concerned in this appeal with the question as to the payment of taxes on property located in this state. That proposition is answered by our statutory provisions and prior holdings of this court. Section 11970, 1939 Code of Iowa; In re Estate of Oelwein, 217 Iowa 1137, 1141, 251 N. W. 694; Findley v. Taylor, 97 Iowa 420, 422, 66 N. W. 744. The letters testamentary which have been issued in this

case have no extraterritorial effect. O'Connor v. Root, 130 Iowa 553, 558, 107 N. W. 608. Inasmuch as the Iowa executor has no jurisdiction to administer upon the real estate in South Dakota, it naturally follows that the executor of the Iowa estate should not be required to pay taxes due on land located in another state from the personalty of the estate that he is administering in this state, unless the will particularly directs such payment or unless, upon proper showing, it is found to be to the best interests of the Iowa estate to have such payments made. Such a showing has not been made in the record presented. In an early Massachusetts case, Jennison v. Hapgood, 1830, 10 Pick. (27 Mass.) 77, 105, it was held that the payment of taxes by an executor on lands located outside of the state of his original administration was improper.

Another case that has applicability to the issue involved in the present appeal is Barlow v. Cain, 146 Ark. 160, 167, 225 S. W. 228, 230, where, in commenting on the payment of taxes where the will provided for the payment of debts, it is stated:

"The taxes were not a personal obligation of the testator. They constituted a lien upon the land merely, and, thus burdened, it passed into the hands of the devisee. It was the devisee's, and not the administrator's, duty to pay it."

We have given consideration to the cases of In re Estate of Morris, 233 Iowa 609, 10 N. W. 2d 64, and In re Estate of Dalton, 183 Iowa 1013, 168 N. W. 322. We do not believe these two cases are similar as to the facts in the case now before us for review because only Iowa real estate was there involved.

Nothing contained herein should be construed as overruling or modifying our holding in Luckenbill v. Bates, 220 Iowa 871, 263 N. W. 811, 103 A. L. R. 252, and decisions therein cited, that a general provision for the payment of debts gives no priority to creditors.

By reason of our comments heretofore set forth we hold that, under the record as presented, we must affirm.—Affirmed.

BLISS, C. J., and GARFIELD, OLIVER, MILLER, MULRONEY, MANTZ, and SMITH, JJ., concur.