In the Matter of Estate of Emil W. Carlson, Deceased. Eleanor M. Kiley and Edward J. Kiley, Guardian of the Estate of Alan H. Kiley, a Minor, Appellees, v. Clifford Newman, Executor of Estate of Emil W. Carlson, Deceased, Appellant.

Gen. No. 45,800.

465

Opinion filed December 8, 1952. Released for publication December 23, 1952.

PHILIP GOTHBERG, of Chicago, for appellant.

THOMAS M. WALSH, and RICHARD C. MURPHY, both of Chicago, for appellees; Charles A. Boyle, of Chicago, of counsel.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

This matter was heard *de novo* in the circuit court on appeal from the probate court of Cook county, upon the petition of Eleanor M. Kiley and Edward J. Kiley, guardian of the estate of Alan H. Kiley, a minor, and the amended answer of Clifford Newman, executor of the estate of Emil W. Carlson, deceased.

The petition alleged that Carlson died on January 20, 1951, leaving a last will which was admitted to probate by the probate court of Cook county on March 23, 1951; that in paragraph 21 thereof the testator devised to Eleanor Kiley and Alan H. Kiley, her son, in joint tenancy and not as tenants in common, improved real estate owned by the testator and located at 3741–55 Pine Grove avenue in Chicago, Cook county, Illinois; that the real estate taxes for the year 1950 amounted to $2,941.20, one-half of which were required to be paid on or before May 1, 1951, and the remaining half on or before September 1, 1951, to avoid penalties; that the said real estate taxes were properly a charge against the estate of decedent, and that one-half should be paid forthwith by the executor so that no penalties would accrue; that petitioners had requested the executor to pay out of the moneys in the estate of the decedent the sum of $2,941.20 as and for said real estate taxes, but that he had neglected so to do; by reason whereof

petitioners sought an order directing the executor to pay to the county collector of Cook county the aforesaid sum as and for real estate taxes of the above described property which had accrued prior to the death of the decedent.

The executor's amended answer alleged that the petition was defective for want of proper parties in that petitioners were not authorized under the Revenue Act (Ill. Rev. Stats. 1951, ch. 120) to collect or enforce the collection of taxes, and that the proper parties were the county collector, the county board in the name of the People of the State of Illinois, or any city, county, town, school district or other municipal corporation to which any taxes or special assessments might be due; that the petition sought to enforce the payment of taxes in a manner not provided in the Revenue Act; that no claim for real estate taxes for the year 1950 had been properly filed, allowed and classified by the probate court in compliance with the Administration of Estates Act (Ill. Rev. Stats. 1951, ch. 3, art. XVII, secs. 344 et seq. [par. 344, sec. 192; Jones Ill. Stats. Ann. 110.441 et seq.]), and that it was not the duty of the executor to pay any debts or alleged debts of a decedent without compliance therewith; that there was no debt due and owing from the decedent to the petitioners; and that the personal action for the recovery of real estate taxes provided in the Revenue Act abated upon the death of the decedent; by reason whereof, the answer sought that the petition be dismissed.

After argument by the respective counsel upon the undisputed facts set forth in the petition, the court found that on April 1, 1950 Carlson was the owner of the property described in the will and the petition; that Newman was appointed executor, had qualified as such and had been acting in that capacity; that the real estate taxes for the year 1950 in the sum of $2,941.20,

together with the penalties imposed by law, were properly chargeable against the decedent's estate which was then pending in the probate court of Cook county; and ordered that Newman, the executor, pay the taxes for the year 1950 in the aforementioned amount, together with the penalties imposed by law, in the due course of administration of the estate of Emil W. Carlson. The executor appeals from that order.

[1] Section 28 of the Revenue Act [Ill. Rev. Stats. 1951, ch. 120, par. 509; Jones Ill. Stats. Ann. 119.525] provides that "The owner of property on the first day of April in any year shall be liable for the taxes of that year. The purchaser of property on the first day of April shall be considered as the owner on that day." Carlson was living and owned the real estate on April 1, 1950 and under this provision of the statute was personally liable for the taxes of that year at the time of his death.

Section 249 of the Administration of Estates Act [Ill. Rev. Stats. 1951, ch. 3, par. 403; Jones Ill. Stats. Ann. 110.500] provides that "When it appears to the probate court that it is for the interest of any estate being administered in that court that the taxes on real estate forming a part of the estate be paid, the court may authorize the executor or administrator of the estate to pay taxes from any moneys on hand."

Petitioners' verified pleading called attention to the executor's liability for taxes and justified the order that he pay and discharge the debt. *In re Estate of Muldoon*, 315 Ill. App. 109, is in point. Muldoon died August 22, 1929; his will disposing of, among other things, certain property, was admitted to probate October 11, 1929. The executor paid the real estate taxes for the years 1928 and 1929 on the property owned by the testator at the time of his death. Certain legatees named in the will filed objections to the credit taken by the executor for this indebtedness; the objections

468

were overruled, and the account was approved by the probate court. The case was taken to the circuit court, which handed down a similar ruling, from which the legatees appealed. Counsel for the executor took the same position as petitioners here. The reviewing court noted that no order had been obtained in the probate court authorizing the payment of taxes and pointed out that counsel for both parties agreed that under the statute the taxes in question were a personal liability of the owner of the real estate and held, in accordance with the statute, that the owner of property on the first day of April in any year was liable for the taxes of that year, relying on the early cases of *People v. Winkelman,* 95 Ill. 412, and *Biggins v. People,* 96 Ill. 381. Another early decision relied on by the reviewing court was *Shaw v. Camp,* 56 Ill. App. 23, where the executor had paid taxes levied against real estate belonging to the deceased in his lifetime. Exceptions to the payment were filed by the beneficiaries but were overruled by the trial court. On appeal the judgment was affirmed with the following comment: "The taxes paid by the executor had been assessed upon property owned by the testator on the first day of May [then the statutory date for determining tax liability], 1890, and were due and payable at the date of his death, which occurred on the 12th day of January, 1891. Taxes so assessed and due, may, we think, be properly regarded as a debt against the deceased, and as such, paid by the executor or administrator. * * * Taxes accruing after the death of the owner stand upon a different footing and are to be paid by the heir, legatee or devisee."

██ One of the points urged by the executor is that section 275 of the Revenue Act [Ill. Rev. Stats. 1951, ch. 120, par. 756; Jones Ill. Stats. Ann. 119.772] authorizes the county board, or any other municipal corporation to which such taxes may be due, to institute and

maintain an action at law against the owner of land forfeited for nonpayment of taxes, and his counsel say that this property had not been so forfeited; but the court in the *Shaw* case answered this contention by saying that "if the executor had not allowed and paid this claim for taxes a judgment under the provisions of this statute might, had the lands become forfeited, have been awarded against the estate upon the proper application of the county authorities. This being true, payment without litigation ought to be regarded as within the power of the executor and he entitled to credit therefor." In *People v. Ballans,* 294 Ill. 551, the court, in holding that the funds paid to discharge real estate taxes were properly deductible before computing the inheritance tax of the beneficiary, said that "the real property passed directly from deceased to appellee, but it passed subject to the lien for the taxes for the year 1918. As only the beneficial interests passing from the deceased to the heir are subject to the inheritance tax, we think the real estate taxes were clearly deductible." These decisions are controlling.

The executor bases his argument substantially on the theory that the liability of the owner of property for the payment of taxes is purely statutory, and that taxes can be levied, assessed and collected only in the mode expressly provided by statute. His counsel contend that an individual taxpayer has no right to bring an action for the collection of taxes but, rather, that such an action must be brought by the person or agency designated by the statute. These contentions are refuted by the decisions heretofore cited. If the contentions were valid, the fixing of personal liability for the payment of taxes would be placed in the hands of the county collector and the county clerk who are ministerial officers, whereas in fact the personal responsibility and personal liability rest solely on the owner of property on April first of any year.

The executor places considerable reliance on *People v. Chambliss*, 399 Ill. 151, which holds that there is no right in an individual taxpayer to bring a suit for the collection of taxes; it must be brought by the person or agency designated by statute for that purpose. That action was filed by a taxpayer, in the name of the People on his own behalf and that of all other taxpayers similarly situated, and was brought against a delinquent taxpayer, as well as against the clerk and the sheriff of the county in which the property in question was located. The complainant admitted that the suit was not brought under the Revenue Act, and that it was not an action to enforce a tax lien but had for its primary object an accounting against the delinquent taxpayer. The instant case is not such a proceeding, and it seems to us that the executor confuses the issue by premising his case on that supposition. In doing so he evidently loses sight of the fact that the debt for taxes on the property existed April 1, 1950; that Carlson was indebted for the taxes which had accrued prior to his death; that he was personally liable for the debt in question; and that the taxes should have been paid by the executor without the necessity of any proceeding. All that petitioners have done in this proceeding is to direct the attention of the probate and circuit courts to section 28 of the Revenue Act and section 249 of the Administration of Estates Act in support of their contention that under those statutes, and the decisions supporting them, the executor, as the personal representative of the testator, was personally liable for the debt, and that it should have been paid and discharged by him. The court was fully justified in granting the prayer of the petition and in ordering the discharge of the indebtedness in the process of administering the estate.

■■ The executor contends, among other matters averred in his answer, that the probate court had no

471

authority or jurisdiction to order the payment of taxes in the absence of any claim filed for that purpose; his counsel stress the point that the statute requires all claims to be filed, adjudicated and classified by the court as conditions precedent to their payment. We find in 21 Am. Jur., Executors and Administrators, § 351, cited by petitioners, the following statement of the general legal principles applicable: "Claims for Taxes.—Although there is some authority to the contrary, the larger number of cases take the view that a claim for taxes is not within the contemplation of statutes requiring presentation of claims against decedents' estates," citing *Clayton v. Dinwoodey*, 33 Utah 251, 93 Pac. 723, *In re Adams' Estate*, 224 Wis. 237, 272 N. W. 19, and *Bogue v. Laughlin*, 149 Wis. 271, 136 N. W. 606. In the *Adams* case, quoting from *Bogue v. Laughlin*, the court stated the principle as follows: " 'Taxes are not such claims which the law of this state either requires or intends shall be filed for payment against a decedent's estate. It is true that taxes, in the order prescribed by the statute for the payment of liabilities of decedent's estate, come within the fourth provision of such order of payment. * * * The duty, however, rests upon the administrator or executor to pay the taxes due against the estate, without their being filed· or presented for payment;' " citing *Graham v. Russell*, 152 Ind. 186, 52 N. E. 806; and in 34 A. L. R., at page 387, the author states that "it has been held that a claim for taxes assessed against the property of a decedent pending administration is· not one which must be presented to an administrator or executor before an action may be brought to enforce its collection," citing, and quoting with approval from, *Findlay v. Taylor*, 97 Iowa 420, 66 N. W. 744, that " 'there is no requirement in regard to filing claims for taxes, and the failure to file them does not release the estate from liability.' " These

authorities reason that it is entirely unnecessary to have a debt for taxes classified prior to payment, and that just as soon as the existence of the debt is called to the attention of the executor, he should forthwith recognize it as a just and lawful charge against the estate and discharge it by payment.

■ Lastly it is argued that upon the death of Carlson the action abated. Under section 28 of the Revenue Act Carlson's liability was fixed and determined as of April 1, 1950, and there was nothing left for the executor to do except to discharge the debt by payment, which he failed to do. The circuit court properly ordered the payment of taxes in the due course of administration, and the order appealed from is therefore affirmed.

*Order affirmed.*

NIEMEYER, J. and BURKE, J., concur.