Verda M. HISKEY and Eugene Hiskey, Appellants,

v.

Mary MALONEY, Polk County Treasurer, Appellee.

No. 96–1015.

Supreme Court of Iowa.

July 1, 1998.

Thomas M. Werner, Des Moines, for appellants.

David W. Hibbard, Assistant County Attorney, Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

The appellants, Verda M. Hiskey and Eugene Hiskey, are alleged to be or to have been owners of certain real estate in Polk County. Based on that alleged status, the court, in an action brought by the Polk County Treasurer, adjudicated appellants to be personally liable for delinquent real estate taxes on that property. Appellants urge that the court impermissibly and unconstitutionally applied statutes enacted in April 1992 retroactively so as to render them personally liable for delinquent taxes levied prior to that date. Upon reviewing the record and considering the arguments presented, we reverse the judgment of the district court.

This appeal arises from two petitions filed by the Polk County Treasurer to collect several years' delinquent taxes on two parcels of property. Several individuals were named as defendants. The two petitions were consolidated. Only the Hiskeys answered the petitions. The properties involved are located at 1055 Twenty–Second Street and 1110 Martin Luther King Jr. Parkway in Des Moines.

The subject properties have been involved in numerous transfers since 1980. Verda Hiskey (the record titleholder) sold the Twenty–Second Street property on contract in 1979. Her husband, Eugene, joined as a contract vendor. After various transactions, the contract vendee's interest was forfeited on November 4, 1986. In June 1990 a tax sale certificate was issued to Polk County after a public bidder sale. That certificate covered delinquent taxes from 1982 through 1987 in the amount of $11,759. The property was later conveyed to Luckie J. Hall (a nonanswering defendant) by warranty deed on

September 20, 1993. At the time of trial, the record owner of the property was Alan T. Hamm.

Eugene Hiskey (the record owner) sold the Martin Luther King Jr. Parkway property by real estate contract in 1978. The vendee's interest was forfeited on March 3, 1983. On June 15, 1983, Eugene made a second contract sale of the property. The vendee's interest under that contract was forfeited on December 25, 1985. A tax sale certificate for this property was issued to Polk County in 1990, covering delinquent taxes for 1983–87 in the amount of $7337. This property was eventually conveyed by warranty deed to Luckie J. Hall in 1993.

The treasurer filed a motion for summary judgment. The district court sustained the motion and granted judgment against the Hiskeys for the benefit of the county for the amounts owed on the tax certificates. The court explicitly made no determination of liability for delinquent taxes other than those covered by the two 1990 tax sale certificates.

In a motion filed pursuant to Iowa Rule of Civil Procedure 179(b), the treasurer asked that the judgment be amended to include taxes owed for years following those covered by the tax certificates. Before the court could rule on that motion, the Hiskeys appealed. This court granted a limited remand to permit ruling on the motion. Acting under the authority of that order, the district court filed a ruling on the rule 179(b) motion and found that personal liability under Iowa Code section 445.3 (1995) could only encompass amounts covered by a tax sale certificate in favor of the county. The court concluded that no tax sale certificates other than the two that were issued in 1990 had been made an issue in the litigation.

▪ Among other issues on this appeal, the Hiskeys claim that Iowa Code section 445.3 and section 446.20, which were enacted in April 1992, and allow the treasurer to seek a personal judgment for the payment of delinquent real estate taxes, may not be applied retroactively to taxes levied prior to the effective date of the legislation. When that contention was made to the district court, it was rejected. The court stated its views as follows:

If a sanction is merely a civil penalty, the ex post facto prohibition would not apply.... There is no punitive purpose in the rewritten statutes. The penalty and interest allowed by the statutes are merely civil sanctions used to encourage timely payment of taxes. The changes made in the statute were purely procedural changes to enhance the Treasurer's ability to collect delinquent taxes. There were no substantive changes in the statute. The changes in the statutes do not violate the prohibition against ex post facto laws.

The Hiskeys dispute this characterization of these statutes and assert that they create a new personal obligation where none had existed before.

The statutes at issue in this litigation are the following:

In addition to all other remedies and proceedings now provided by law for the collection of taxes, the county treasurer may bring or cause an ordinary suit at law to be commenced and prosecuted in the treasurer's name for the use and benefit of the county for the collection of taxes from any person, as shown by the county system in the treasurer's office, and the suit shall be in all respects commenced, tried, and prosecuted to final judgment the same as provided for ordinary actions.

Iowa Code § 445.3 (enacted in 1991 Iowa Acts ch. 191, § 28, effective April 1, 1992).

Without limiting the county's rights under section 445.3, once a certificate is issued to a county, a county may collect the total amount due by the alternative remedy provided in section 445.3 by converting the total amount due to a personal judgment. Entrance of the judgment shall be shown on the county system. Collection of the judgment may then be initiated as provided in section 445.4. The county attorney shall, upon request of the county treasurer, assist in prosecution of action authorized under this section and sections 445.3 and 445.4.

Iowa Code § 446.20(1) (enacted in 1991 Iowa Acts ch. 191, § 72, effective April 1, 1992).

An opinion of the Attorney General issued with respect to these statutes concluded that it was not the intent of the legislature that they be applied retroactively.. 1992 Op. Atty. Gen. 77. In 1995 the following language was added to both section 445.3 and section 446.20:

> This section is remedial and shall apply to all delinquent taxes included in a tax sale certificate of purchase issued to a county. Upon assignment of a county-held tax sale certificate, this section shall not apply to the assignee.

1995 Iowa Acts ch. 57, §§ 12, 19.

The defendants claim that to retroactively apply the new laws would create a new liability where none previously existed. They compare this case to *Davis v. Jones,* 247 Iowa 1031, 78 N.W.2d 6 (1956), in which this court held:

> The rule that statutes will be construed to be prospective only is subject to an exception in the case of a statute relating to remedies or procedure. This exception does not apply where there is no remedy whatever before the statute was enacted. This appears to, be particularly true when the statute creates new rights.

*Davis,* 247 Iowa at 1036, 78 N.W.2d at 8. Because the new statute considered in *Davis* rendered nonresidents subject to the in personam jurisdiction of the Iowa courts in certain situations in which such jurisdiction had not previously existed, this court concluded that the new rights imposed and the new obligations created by the statute should not be applied retroactively.

In the present case, the Hiskeys assert that sections 445.3 and 446.20 provide an entirely new cause of action against individual taxpayers. Based on this premise, they argue that it would be unfair to apply these statutes retroactively, and the presumption of prospective application contained in Iowa Code section 4.5 should be adhered to.

The treasurer responds to the Hiskeys' arguments by urging that the language of section 445.1(7) that states the right to recover delinquent taxes includes *all* taxes and fees due on a parcel suggests an intention to establish personal liability for all delinquent taxes on a parcel irrespective of the time that the taxes were levied. The treasurer also urges that the language of the 1995 amendment to these statutes stating that "this section is remedial" was an effort by the legislature to clarify its intent that the statutes be retroactively applied.

■ We agree with the taxpayers' arguments that the preference for retroactive application of statutes pertaining to remedies and procedures does not extend to statutes creating new rights or imposing new obligations. *Davis,* 247 Iowa at 1036, 78 N.W.2d at 8. Nor does the legislative act of labeling a statute "remedial" override the statutory presumption of prospective application contained in section 4.5 when the statute in question creates a new personal liability for the payment of a tax that had not previously existed in more than 100 years of administering the general property tax in this state. During this time, taxes on real estate in Iowa were an entirely in rem claim and were not the personal obligation of any person. *Merle Hay Mall v. Board of Review,* 564 N.W.2d 419, 422 (Iowa 1997); *Laubersheimer v. Huiskamp,* 260 Iowa 1340, 1344, 152 N.W.2d 625, 627 (1967); *In re McMahon's Estate,* 237 Iowa 236, 238, 21 N.W.2d 581, 582 (1946); *Lucas v. Purdy,* 142 Iowa 359, 367, 120 N.W. 1063, 1066 (1909); *Plymouth County v. Moore,* 114 Iowa 700, 701, 87 N.W. 662, 663 (1901). *See also Helvering v. Johnson County Realty Co.,* 128 F.2d 716, 717 (8th Cir. 1942) (applying Iowa law).

We need not decide whether the statutes are inapplicable to all delinquent real estate taxes levied before their effective date (April 1, 1992). We need only hold and do hold in the present case that they do not apply to delinquent taxes included in tax sale certificates acquired by a county prior to April 1, 1992. Because both of the tax sales certificates involved in the present action were acquired by Polk County in 1990, the statutes do not render the Hiskeys personally liable for payment of the delinquent taxes included in those certificates.

Because our conclusions are sufficient to dispose of the claims made against the Hiskeys, who are the only appealing parties in the litigation, we need not consider the other

interesting issues presented concerning the personal liability for payment of real estate taxes under section 445.3 and section 446.20 when, as in the present case, ownership has been interrupted by contract sales and reacquired by subsequent forfeitures. The judgment of the district court is reversed.

REVERSED.